**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARJORIE CARTER an individual; on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | CAUSE NO.: |
| vs. | § § § | |
| FIRST NATIONAL COLLECTION BUREAU, INC., a Nevada Corporation; LVNV FUNDING, LLC, a Delaware Limited Liability Company; RESURGENT CAPITAL SERVICES, L.P., a Delaware Limited Partnership: ALEGIS GROUP, LLC, a Delaware Limited Liability Company, | § § § § § § § § § § | |
| Defendants. | § | |

## INTRODUCTION

1.      Plaintiff Marjorie Carter brings this action to secure redress from unlawful credit and collection practices engaged in by defendants First National Collection Bureau, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

      (1)      Defendants' collection communications were received by plaintiff within this District;

      (2)      Defendants do or transact business within this District.

## PARTIES

4.      Plaintiff Marjorie Carter is an individual who resides in Houston, Texas.

1

5. Defendant First National Collection Bureau, Inc. ("FNCB") is a Nevada corporation. Its principal office is at 230 South Rock Boulevard, Suite 23, Reno, Nevada 89502. Its registered agent and office is Donna McTee, 7460 San Ramon Road, Dublin, California 94568.

6. FNCB operates a collection agency and uses the mails and telephone in conducting business.

7. FNCB is a debt collector as defined in the FDCPA.

8. Defendant LVNV Funding, LLC ("LVNV") is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401 and 625 Pilot Rd., Suite 3, Las Vegas, NV 89119.

9. LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

10. LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

11. LVNV attempts to collect the purchased debts by filing suit to collect them.

12. LVNV has been the plaintiff in more than 1,000 collection lawsuits that have been pending during the year prior to the filing of this action.

13. LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

14. LVNV Funding, LLC is a "debt collector" as defined in the FDCPA.

15. Defendant Resurgent Capital Services, L.P. ("Resurgent") is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.

16. Resurgent operates a collection agency.

17. Resurgent holds one or more collection agency licenses.

18. Resurgent uses the mails and telephones to collect debts originally owed to other entities.

19. Resurgent is a debt collector as defined in the FDCPA.

20. Defendant Alegis Group, LLC ("Alegis") is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401. It is the sole general partner of Resurgent. As such, the acts of Resurgent are attributed to it.

## RELATIONSHIP BETWEEN LVNV AND RESURGENT

21. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

22. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

23. LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

24. LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to

the firm currently working your account."

25. The above statements continue to describe the relationship between LVNV and Resurgent.

26. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

27. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS RELATING TO THE PLAINTIFF

28. Defendants have been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes and not for business purposes.

29. On or about January 7, 2015, FNCB, acting on behalf of LVNV, and at the direction of Resurgent, sent plaintiff the letter attached as <u>Exhibit A.</u>

30. <u>Exhibit A</u> is the first letter plaintiff received from defendants regarding the debt described therein.

31. On information and belief, based on its contents, <u>Exhibit A</u> was the first letter defendants sent to plaintiff regarding the debt described therein.

32. On January 7, 2015, more than four years had elapsed since the last payment or activity on the account which is the subject of <u>Exhibit A</u>.

## FACTS - GENERAL

33. FNCB and LVNV regularly seek to collect credit card bills.

34. The statute of limitations on a credit card debt in Texas is four years.

35. FNCB and LVNV regularly attempt to collect debts on which the statute of limitations has expired.

36.     FNCB regularly sends letters in the form of <u>Exhibit A</u> on debts on which the statute of limitations has expired.

37.     <u>Exhibit A</u> offers to settle the debt.

## COUNT I – FDCPA

38.     Plaintiff incorporates paragraphs 1-37.

39.     <u>Exhibit A</u> implies that the alleged debt is legally enforceable by offering a settlement.

40.     Nothing in <u>Exhibit A</u> disclosed that the debt was barred by the statute of limitations or not legally enforceable.

41.     It is the policy and practice of FNCB and LVNV to send and cause the sending of letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

42.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

43.     In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission)  v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

44.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were

time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

45. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

46. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

47. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

48. Courts have also held that the offer of a settlement on a time-barred debt is misleading. *Buchanan v. Northland Group, Inc.*, 776 F.3d 393 (6th Cir. 2015) (*pet. for rehearing en banc denied on March 13, 2015)*; *McMahon v. LVNV, LLC*, 744 F.3d 1010 (7th Cir. 2014).

49. FNCB and LVNV engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as Exhibit A, offering to settle time-barred debts without disclosure of that fact.

50. Section 1692e provides:

> **§ 1692e.   False or misleading representations [Section 807 of P.L.]**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> **(2)**   The false representation of--
>
> **(A)**   the character, amount, or legal status of any debt; . . .
>
> **(5)**   The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> **(10)**   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

51. Section 1692f provides:

> **§ 1692f.   Unfair practices [Section 808 of P.L.]**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## CLASS ALLEGATIONS

52. Plaintiff brings this claim on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53. Class A consists of (a) all individuals with Texas addresses (b) to whom First National Collection Bureau, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

54. Class B consists of (a) all individuals with Texas addresses (b) to whom a letter was sent on behalf of LVNV, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after a date one year prior to the filing of this

action and on or before a date 21 days after the filing of this action

55. On information and belief, each class is so numerous that joinder of all members is not practicable.

56. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether a letter offering a settlement violates the FDCPA when sent to collect a time-barred debt.

57. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

58. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

59. A class action is superior for the fair and efficient adjudication of this matter, in that:

    (1) Individual actions are not economically feasible;

    (2) Members of the class are likely to be unaware of their rights;

    (3) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (a) Statutory damages;

    (b) Actual damages, including all amounts paid on time-barred debts;

    (c) Attorney's fees, litigation expenses and costs of suit;

    (d) Such other and further relief as the Court deems proper.

DATED: June 15, 2015

                                            Respectfully submitted,

                                            s/ Daniel J. Ciment
                                             Daniel J. Ciment
                                            Attorney-in-Charge
                                            Texas Bar No.
                                            HESTON CIMENT, PLLC
                                            1800 South Mason Road, Suite 240
                                            Katy, Texas 77450
                                            Telephone: (713) 270-4833
                                            Facsimile: (713) 583-9296


James O. Latturner
Francis R. Greene (pro hac vice motion pending)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\31445\Pleading\Complaint_Pleading.wpd

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.  All rights relating to attorney's fees have been assigned to counsel.

                                      s/Daniel J. Ciment
                                      Daniel J. Ciment

Daniel J. Ciment
HESTON CIMENT, PLLC
1800 South Mason Road, Suite 240
Katy, Texas 77450
Telephone: (713) 270-4833
Facsimile: (713) 583-9296