UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARJORIE  CARTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:15-CV-1695** |
| | § | |
| **FIRST NATIONAL COLLECTION** | § | |
| **BUREAU, INC.,** *et al*, | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM & ORDER**</u>

Plaintiff Marjorie Carter ("Plaintiff") brings this putative class action[1] against Defendants First National Collection Bureau, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC, (collectively, "Defendants").  Plaintiff alleges that she received a debt collection letter from Defendants that violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Defendants have moved to dismiss Ms. Carter's Complaint under FED. R. CIV. P. 12(b)(6). After carefully considering the submissions of the parties and the applicable law, the Court **DENIES** Defendants' Motion to Dismiss (Doc. No. 10).

## I.     BACKGROUND[2]

On January 7, 2015, Defendants (who are all "debt collectors" as defined by the FDCPA) sent Plaintiff a letter seeking to collect on a credit card debt. Compl. ¶¶ 28-30 (Doc. No. 1). The letter stated, in relevant part:

We would like to extend the following settlement offer:

---

[1] Plaintiff's Complaint sets out allegations ostensibly satisfying FED. R. CIV. P. 23. *See* Compl. ¶¶ 52-59 (Doc. No. 1). However, no class has been certified to date. For the purposes of resolving Defendants' Motion to Dismiss, the Court will analyze the allegations as though they were asserted by Plaintiff individually.

[2] When reviewing a motion to dismiss, the Court takes the factual allegations pleaded in the Complaint (Doc. No. 1) as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A 90% discount payable in 4 payments of $138.92. Each payment within 30 days of the previous payment. We are not obligated to renew this offer. For your convenience you may pay via a check over the phone or credit card. You have our word that your account executive will treat you fairly and with respect.

Sincerely,
First National Collection Bureau, Inc.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

*Id.* Ex. A (Doc. No. 1-1).

What the letter did not say was that the four-year statute of limitations on the debt had expired and that Defendants were thus time-barred from legally enforcing the debt.[3] *Id.* ¶¶ 32-36. Plaintiff alleges that by "extend[ing] . . . [a] *settlement offer*" on a time-barred debt, without disclosing that the debt is time-barred, Defendants falsely suggested that they could file suit to enforce the debt. *Id.* Ex. A (emphasis added). To imply, in this manner, that a time-barred debt is legally enforceable is, Plaintiff claims, a deceptive and unfair practice in violation of § 1692e and § 1692f of the FDCPA. Defendants have moved to dismiss Plaintiff's suit for failure to state a claim. *See* Defs.' Mot. Dismiss (Doc. No. 10).

## II.    APPLICABLE LAW

### A.  FED. R. CIV. P. 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint under Rule 12(b)(6), its task is inevitably a limited one. The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support her

---

[3] A statute of limitations bar "applies only to *judicial* remedies; it does not eliminate the debt. Creditors are entitled to attempt to pursue even time-barred debts, so long as they comply with the rules of the FDCPA." *Johnson v. Capital One Bank*, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000).

claims.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While a complaint "does not need detailed factual allegations . . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## B.  The FDCPA

The Fair Debt Collection Practices Act (FDCPA) was "enacted to address the problem of debt collectors attempting to collect paid debts or attempting to collect debts by engaging in harassment and/or deceptive or unfair collection practices." *Johnson v. Capital One Bank*, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *1 (W.D. Tex. May 19, 2000). Section 1692e of the FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, falsely representing "the character, amount, or legal status of any debt," § 1692e(2)(A); "threat[ening] to take any action that cannot legally be taken," § 1692e(5); and using any "false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Additionally, § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Congress "clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (quoting *Hamilton v. United Healthcare of Louisiana, Inc.*, 310

3

F.3d 385, 392 (5th Cir. 2002)). The FDCPA should therefore "be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002); *see also Serna*, 732 F.3d at 445 n.11.

When evaluating whether a dunning letter violates § 1692e or § 1692f, the Court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer."[4] *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The Court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. At the same time, however, the unsophisticated consumer is not one "tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original).

In the Fifth Circuit, the issue of whether an unsophisticated consumer would perceive a collection letter as deceptive or unfair is a question of fact that, if well-pleaded, avoids dismissal on a Rule 12(b)(6) motion. *See Gonzalez v. Kay*, 577 F.3d 600, 605-06 (5th Cir. 2009); *see also Langley v. Weinstein & Riley, P.S.*, No. CIV.A. H-12-1562, 2013 WL 2951057, at *3 (S.D. Tex. June 14, 2013) ("[W]hether a debt collection letter, or a portion thereof, would mislead or deceive an unsophisticated or a least sophisticated consumer is a question of fact."); *Karp v. Fin. Recovery Srvcs, Inc.*, No. A-12-CA-985 LY, 2013 WL 6734110, at *4 (W.D. Tex. Dec. 18,

---

[4] Due to the Fifth Circuit's reluctance to distinguish between the "unsophisticated" and the "least sophisticated" consumer, the Court will refer to both of them as "unsophisticated" consumers for ease of reference. *See Peter v. G.C. Servs. L.P.*, 310 F.3d 344, 349 n.9 (5th Cir. 2002) (opting not to decide which of the two standards governs because "the difference between the standards is at most de minimus"); *Rodriguez v. Fulton Friedman & Gullace, LLP*, No. CIV.A. H-11-4592, 2012 WL 3756589, at *6 (S.D. Tex. Aug. 28, 2012) ("[T]he Fifth Circuit has consistently held that one of these standards applies; it simply has not selected between them.").

2013).[5] As other courts have recognized, "because district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects, district courts should be hesitant to dismiss § 1692e and § 1692f claims." *Delgado v. Capital Mgmt. Servs. LP*, No. 4:12-CV-4057-SLD-JAG, 2013 WL 1194708, at *3 (C.D. Ill. Mar. 22, 2013), *aff'd sub nom. McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *see also Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015).

## III.   ANALYSIS

Ms. Carter claims that Defendants engaged in an unfair and deceptive practice in violation of §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f of the FDCPA by sending a dunning letter that fails to disclose to the debtor that the debt at issue is time-barred. Plaintiff alleges that this non-disclosure was compounded by the letter's offer to "settle" the debt. Defendants' Motion to Dismiss contends that such allegations fail to state a cause of action under § 1692. Defendants argue that "[i]n the absence of a *threat of litigation or actual litigation*, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Defs.' Mot. Dismiss 5 (Doc. No. 10) (emphasis added). It is undisputed that Defendants' letter did not threaten litigation, nor had Defendants initiated litigation. The question before the Court, therefore, is whether a debt collector's use of the term "settlement" in a letter attempting to collect a time-barred debt—while also failing to disclose the debt's time-barred status—states a claim under § 1692, even if the debt collector has not

---

[5] *See also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 434, 440-42 (6th Cir. 2008); *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) ("[T]he requisite inquiries under § 1692e and § 1692f are necessarily fact bound. . . . [D]istrict courts must act with great restraint when asked to rule in this context on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."); *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

threatened (or commenced) suit on the time-barred debt. This issue in turn contains two separate questions—one of statutory interpretation and one of fact.

### A.  FDCPA § 1692

All courts agree that, where a debt collector seeks to collect on a time-barred debt, statements threatening to sue on the debt (or actions initiating suit) are *sufficient* to violate § 1692 of the FDCPA. *See Castro v. Collecto, Inc.*, 634 F. 3d 779, 783 (5th Cir. 2011) (collecting cases). The issue raised by Defendants' Motion to Dismiss is whether the threatening of litigation is also *necessary* to violate § 1692, or whether, as Plaintiff contends, merely using the terms "settle/settlement" (without disclosing that the debt is time-barred) is sufficient for a violation, as it could mislead a debtor to believe that the stale debt is legally enforceable.

The Court finds that a debt collector's misrepresentation as to its right to sue on a debt is itself sufficient to violate § 1692; the statute imposes no additional requirement that the debt collector actually threaten to sue. This interpretation of § 1692 is the interpretation reached by both the Sixth and Seventh Circuits in recent decisions that are factually analogous to the instant case and that were decided, as here, at the Rule 12(b)(6) stage.[6] *See Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 398-399 (6th Cir. 2015) ("When a dunning letter creates confusion about a creditor's right to sue, that is illegal."); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("[I]f the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation . . ., the collector has violated the FDCPA.").[7]

---

[6] The Fifth Circuit has not yet decided this issue.

[7] Defendants assert that the Sixth and Seventh Circuit opinions in *Buchanan* and *McMahon* should not be followed by this Court because those decisions rest on reasoning that is not applicable here. *See* Defs.' Reply 8 (Doc. No. 12). Those decisions were based, in part, on the fact that, under applicable state law, partial payment of a time-barred debt has the effect of

As the Seventh Circuit has held, "[t]he proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute." *McMahon*, 744 F.3d at 1020; *see also Buchanan*, 776 F.3d at 399. The proposition is straightforward because § 1692e(2)(A) specifically prohibits "[t]he false representation of the character . . . or legal status of any debt." And the issue of "[w]hether a debt is legally enforceable" is undoubtedly "a central fact about the character and legal status of that debt." *McMahon*, 744 F.3d at 1020. A misrepresentation about that fact thus constitutes a direct violation of § 1692e(2)(A). *Id.*

The Court recognizes that the Third and Eighth Circuits have reached a contrary interpretation of the FDCPA. *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011) ("[T]he FDCPA permits a debt collector to seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts."); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir.

---

reviving the entire balance of the debt for a new statute of limitations period. Consequently, leaving undisclosed that a debt is time-barred was found to be especially misleading and unfair. *See Buchanan*, 776 F.3d at 399; *McMahon*, 744 F.3d at 1021. However, Texas law (which governs Ms. Carter's debt) is different: partial payment does *not* restart the statute of limitations clock on a time-barred debt. *See* Tex. Civ. Prac. & Rem. Code § 16.065 (statute of limitations can be defeated only by an "acknowledgment [that] is in writing and is signed by the party to be charged"); *see also Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002). Defendants argue that the Sixth and Seventh Circuit decisions are therefore distinguishable. Defendants are correct that this discrepancy in state law, as to what actions by a debtor are sufficient to restart the statute of limitations clock, is one point of distinction between *McMahon/Buchanan* and the instant case. However, it is quite an exaggeration to say that those precedents are wholly distinguishable merely because of this one difference. *McMahon* and *Buchanan* clearly present this statute of limitations issue as simply one additional consideration that supports their conclusion—it is far from essential to their holdings. *See McMahon*, 744 F.3d at 1021; *Buchanan*, 776 F.3d at 399. Moreover, the fact that, under Texas law, partial payment would not make the debt judicially enforceable arguably only underscores that Defendants' letter *falsely* implies the existence of a legally enforceable obligation.

2001) ("[I]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid."). In addition, one district court in the Southern District of Texas has followed the Third and Eighth Circuits' construction of the statute, reaching the conclusion advocated by Defendants. *See Daugherty v. Convergent Outsourcing, Inc.*, No. CIV.A. H-14-3306, 2015 WL 3823654, at *6 (S.D. Tex. June 18, 2015).

However, these courts reach an interpretation of § 1692 that the plain text of the FDCPA does not support. To conclude that § 1692 is violated only where the letter seeking collection of a time-barred debt actually threatens litigation is to confuse a sufficient condition for a necessary condition.[8] Section 1692e(5) prohibits a debt collector from "threat[ening] to take any action that

---

[8] The Third and Eighth Circuits cite several cases for the proposition that threatening to sue on a time-barred debt is necessary for § 1692 liability when in fact many of the cases cited hold only that threatening to sue (or, worse, actually filing suit) is sufficient for liability. *See, e.g., Larsen v. JBC Legal Grp., P.C.*, 533 F. Supp. 2d 290, 302–03 (E.D.N.Y. 2008) (threatening legal action on time-barred debt violated FDCPA); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991) ("[T]he threatening of a lawsuit which the debt collector knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the kind of abusive practice the FDCPA was intended to eliminate."); *Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) ("[A] debt collector's filing of a lawsuit on a debt that appears to be time-barred . . . is an unfair and unconscionable means of collecting the debt."). *See Huertas*, 641 F.3d at 33 (relying on the above cases); *Freyermuth*, 248 F.3d at 771 (same).

The same flaw—mistaking a sufficient condition for a necessary condition—is found in Defendants' and the *Daugherty* court's heavy reliance on the Fifth Circuit's opinion in *Castro v. Collecto, Inc.*, 634 F. 3d 779, 783 (5th Cir. 2011). Defendants, like the *Daugherty* opinion, cite *Castro* for the proposition that "[i]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." Defs.' Mot. Dismiss 5 (Doc. No. 10). *See also Daugherty*, 2015 WL 3823654, at *5 ("The Fifth Circuit appears not to have expressly decided this issue but, in a different context, Judge Dennis writing for the court [in *Castro*] cited *Freyermuth* and quoted its holding that '[i]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.'" (citing *Castro*, 634 F. 3d at 783)). Although *Castro* did quote *Freyermuth* approvingly, the *Castro* court cited *Freyermuth* not to take a position on the question at issue here and in *Freyermuth*—i.e., whether threatening litigation on a time-barred debt is *necessary* to make out a § 1692 claim. Rather, the Fifth Circuit

cannot legally be taken." This provision clearly makes it illegal for a debt collector to threaten to sue on a debt where the statute of limitations has run. However, the text of the FDCPA does not permit the one particular type of conduct proscribed under § 1692e(5) to be converted into an essential element for establishing any liability under § 1692e. For § 1692e prohibits not only threatening to take actions that cannot legally be taken, but also the use of any "false, deceptive, or misleading representation," including specifically those about the "legal status" of any debt. *See McMahon*, 744 F.3d at 1020. Regardless of whether a debt collector *will* sue on a debt, § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* sue. And that is precisely the type of misrepresentation made when a collection letter implies that a time-barred debt is legally enforceable.[9] *See id.*

### B. Sufficiency of Plaintiff's Complaint

Having concluded that a debt collector's misrepresentation about the limitations period on a time-barred debt is sufficient to establish a violation of the FDCPA, the Court turns then to the question of whether Plaintiff's allegations as to the particular dunning letter received by Ms. Carter satisfy the pleading requirements under Rule 12(b)(6). Under the "facial plausibility" standard that a complaint must meet to survive a Rule 12(b)(6) motion, *Iqbal*, 556 U.S. at 678, the question here is whether it is plausible that Defendants' letter could mislead an

---

cited *Freyermuth* for the entirely uncontroversial proposition that "[t]hreatening to sue on time-barred debt may well constitute a violation of the FDCPA." *Castro*, 634 F. 3d at 783. In any event, even this proposition was stated merely as dicta. *Castro* never reached the issue of whether a debt collector threatening to sue on time-barred debt would constitute a violation of the FDCPA because the court instead held that the debt was not time-barred. *See id.* at 781.

[9] Even if the Court were to hold that Plaintiff fails to state a claim under § 1692e, Plaintiff would still state a claim under § 1692f, as it is plausible that an unsophisticated consumer could view Defendants' letter as an unfair or unconscionable means to collect on a time-barred debt. *See Delgado*, 2013 WL 1194708 at *7, *aff'd sub nom. McMahon*, 744 F.3d at 1010 (holding that the "failure to disclose that [the debt collector] cannot collect on the debt, compounded by its offer of settlement," states a claim under both § 1692e and § 1692f).

unsophisticated consumer into thinking that her debt is enforceable in court. More specifically, could a debt collector's "exten[sion] [of a] . . . *settlement offer*" on a debt—where there is no indication that the statute of limitations has run—plausibly be read by an unsophisticated consumer to imply that payment could be compelled through litigation? *See* Compl. Ex. A (Doc. No. 1) (emphasis added).

The Court finds it plausible that an unsophisticated consumer could believe that an offer of settlement on a debt (where there is no disclosure that the debt is time-barred) implies that the debt collector has a right to sue on the debt. Both the Sixth and Seventh Circuits have concluded that "an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term 'settle' or 'settlement.'" *McMahon*, 744 F.3d at 1022; *see also Buchanan*, 776 F.3d at 399-400. As those circuits have explained, "[f]ormal and informal dictionaries alike contain a definition of 'settle' that refers to concluding a lawsuit." *Buchanan*, 776 F.3d at 399; *see also McMahon*, 744 F.3d at 1021 ("If a consumer received an 'offer for settlement' and searched on Google to see what is meant by 'settlement,' she might find the Wikipedia entry for 'settlement offer.' There she would learn that the term 'offer to settle' is 'used in a civil lawsuit to describe a communication from one party to the other suggesting a settlement—an agreement to end the lawsuit before a judgment is rendered.'" (quoting *Settlement offer*, Wikipedia, (Mar. 10, 2014 at 4:06 pm), http://en.wikipedia.org/wiki/Settlement_offer)).

Furthermore, the federal agencies tasked with enforcing the FDCPA—the Federal Trade Commission (FTC) and the Consumer Financial Protection Bureau (CFPB)—have concluded that "'consumers can be misled or deceived when debt collectors seek partial payments on stale debt.'" Plaintiff's Opp. to Defs.' Mot. Dismiss 19 (Doc. No. 11) (quoting Brief of Amici Curiae

FTC and CFPB Supporting Affirmance, *Delgado v. Capital Management Servs., L.P.*); *see also id.* 12-17 (discussing numerous reports, *amici curiae* briefs, and enforcement actions filed by the FTC and CFPB); Compl. ¶¶ 42-46 (same). The FTC has found that "most consumers do not know or understand their legal rights with respect to the collection of time-barred debt, so attempts to collect on stale debt in many circumstances may create a misleading impression that the consumer could be sued." FEDERAL TRADE COMM'N, THE STRUCTURE AND PRACTICE OF THE DEBT BUYING INDUSTRY 47 (Jan. 2013) (citing FEDERAL TRADE COMM'N, REPAIRING A BROKEN SYSTEM: PROTECTING CONSUMERS IN DEBT COLLECTION LITIGATION AND ARBITRATION (2010)). Although the Court is not compelled to defer to the agencies' view,[10] the FTC's and CFPB's "judgment is to be given great weight by reviewing courts," as these agencies are "often in a better position than are courts to determine when a practice is 'deceptive' within the meaning of the [FDCPA]." *FTC v. Colgate-Palmolive*, 380 U.S. 374, 384-385 (1965). The factual findings of the FTC and CFPB are especially helpful when courts are asked, as this Court is, to determine how an unsophisticated consumer might construe a particular communication—a task for which empirical studies by agencies may well be more accurate than the "intuitions" of federal judges. *See McMahon*, 744 F.3d at 1020 ("Recognizing the distinction between what may confuse a federal judge and an unsophisticated consumer is important because the intended recipients of dunning letters span the entire range of abilities. We have therefore cautioned against reliance 'on our intuitions.'" (quoting *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007))).

In addition to the agencies' findings, Plaintiff also submits a research study published by

---

[10] *Goswami*, 377 F.3d at 493 n.1 (An FTC interpretation of the FDCPA not contained in a "formal regulation" is not entitled to "full *Chevron* deference," but is instead "entitled to respect . . . only to the extent that those interpretations have the power to persuade." (quoting *Christensen v. Harris Cty.*, 529 U.S. 576, 587 (2000))).

Plaintiff's disclosed expert witness, Psychology Professor Timothy Goldsmith, which explains why "the fact that a debt is time-barred is material to the least sophisticated consumer" and why its nondisclosure may therefore be misleading and unfair. Plaintiff's Opp. to Defs.' Mot. Dismiss 23 (Doc. No. 11); *see also id.* App. D (Doc. No. 11-1) (Timothy E. Goldsmith and Nathalie Martin, *Testing Materiality under the Unfair Practices Act: What Information Matters When Collecting Time-Barred Debts?*, 64 CONSUMER FIN. L. Q. REP. 372 (Winter 2010) [hereinafter "Goldsmith Report"]).[11] Specifically, Dr. Goldsmith's study compared "how consumers react to two different collection letters, one in which the recipients are told explicitly that the debt being collected is time-barred, and one in which they are not given this information." Goldsmith Report 80 (Doc. 11-1). The study found that consumers who are aware that a debt is not legally enforceable will, in a statistically significant number of cases, decline to pay it. *Id.* This expert report supports the plausibility of Plaintiff's contentions.

For all of these reasons, the Court finds that Ms. Carter has stated plausible claims for relief under 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and § 1692f. An unsophisticated consumer, faced with a dunning letter that (1) omits the fact that the debt is time-barred and (2) offers a "settlement" on the debt, could infer a legally enforceable obligation to pay the debt, when in truth no such obligation exists. It is therefore plausible that an

---

[11] Defendants' Motion to Strike Plaintiff's Expert Report (Doc. No. 12) is **DENIED**. The Court may consider, in a Rule 12(b)(6) analysis, documents attached to a motion to dismiss—or, as here, to a response in opposition to a motion to dismiss—if the documents are "sufficiently referenced in the complaint." *Walch v. Adjutant General's Dep't of Texas*, 533 F.3d 289, 294 (5th Cir. 2008). Plaintiff's Complaint makes specific reference to Dr. Goldsmith's study, *see* Compl. ¶ 47 (Doc. No. 1). Furthermore, there is no indication, at this early stage of the litigation, that Plaintiff's expert would fail the requirements of FED. R. EVID. 702 or *Daubert*. The very study submitted here has been cited approvingly by several courts in holding that a debt collector's failure to disclose that a debt is time-barred (combined with the use of "settlement" language) states a claim under the FDCPA. *See, e.g.*, *Buchanan*, 776 F.3d at 398-99; *Delgado*, 2013 WL 1194708 at *4, *aff'd sub nom. McMahon*, 744 F.3d at 1010.

unsophisticated consumer could view such a letter as false, deceptive, or misleading, in violation of § 1692e; as a false representation of the character or legal status of the debt, in violation of § 1692e(2); as implicitly threatening to take an action that cannot legally be taken (i.e., suing the consumer), in violation of § 1692e(5); as a false representation or deceptive means to collect a debt, in violation of § 1692e(10); or, as an unfair or unconscionable means to collect a debt, in violation of § 1692f.

## IV.  CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 10) is **DENIED**. Defendants' Motion to Strike Plaintiff's Expert Report (Doc. No. 12) is also **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on the 11th of September, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE