UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARJORIE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1695 |
| | § | |
| FIRST NATIONAL COLLECTION | § | |
| BUREAU, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

Plaintiff Marjorie Carter brings this putative class action against Defendants First National Collection Bureau, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC, (collectively, "Defendants"). Plaintiff alleges that she received a debt collection letter from Defendants that violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Plaintiff's Complaint sets out allegations ostensibly satisfying FED. R. CIV. P. 23. *See* Compl. ¶¶ 52-59 (Doc. No. 1). However, no class has been certified to date.

Ms. Carter passed away on March 28, 2016. (Doc. No. 37.) Pending before the Court is a Motion for Substitution of Plaintiff. (Doc. No. 38.)

### I. BACKGROUND

In her Complaint, Ms. Carter alleged that on January 7, 2015, Defendants sent Ms. Carter a letter seeking to collect on a credit card debt. Compl. ¶¶ 28-30 (Doc. No. 1). The letter stated, in relevant part:

> We would like to extend the following settlement offer:
>
> A 90% discount payable in 4 payments of $138.92. Each payment within 30 days of the previous payment. We are not obligated to renew this offer. For your

1

> convenience you may pay via a check over the phone or credit card. You have our word that your account executive will treat you fairly and with respect.
>
> Sincerely,
> First National Collection Bureau, Inc.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

*Id.* Ex. A (Doc. No. 1-1).

What the letter did not say was that the four-year statute of limitations on the debt had expired and that Defendants were thus time-barred from legally enforcing the debt.[1] *Id.* ¶¶ 32-36. Plaintiff alleges that by "extend[ing] . . . [a] *settlement offer*" on a time-barred debt, without disclosing that the debt is time-barred, Defendants falsely suggested that they could file suit to enforce the debt. *Id.* Ex. A (emphasis added). To imply, in this manner, that a time-barred debt is legally enforceable is, Plaintiff claims, a deceptive and unfair practice in violation of § 1692e and § 1692f of the FDCPA.

On October 9, 2015, the Court granted an unopposed motion to stay this case pending ruling in *Daugherty v. Convergent Outsourcing, Inc., et al.*, Case No. 15-20392 before the Fifth Circuit. (Doc. No. 23.) The Court ordered the stay lifted on March 6, 2017.[2]

On July 21, 2017, the Court was informed that Ms. Carter passed away on March 28, 2016. (Doc. No. 37.) Then, on August 14, 2017, Kyonnie Hordge, moved to substitute Plaintiff.

---

[1] A statute of limitations bar "applies only to *judicial* remedies; it does not eliminate the debt. Creditors are entitled to attempt to pursue even time-barred debts, so long as they comply with the rules of the FDCPA." *Johnson v. Capital One Bank*, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000).

[2] In *Daugherty*, the Fifth Circuit "agree[d] that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA." 836 F.3d 507, 513 (5th Cir. 2016).

(Doc. No. 38.) Ms. Hordge is one of Ms. Carter's children and the Independent Administrator of Ms. Carter's estate. *Id.* at 1.

## II. APPLICABLE LAW

### a. Fed. R. Civ. P. 25

Federal Rule of Civil Procedure 25 controls substitution of parties upon death. The Rule states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

### b. FDCPA

The Fair Debt Collection Practices Act (FDCPA) was "enacted to address the problem of debt collectors attempting to collect paid debts or attempting to collect debts by engaging in harassment and/or deceptive or unfair collection practices." *Johnson v. Capital One Bank*, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *1 (W.D. Tex. May 19, 2000). Section 1692e of the FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, falsely representing "the character, amount, or legal status of any debt," § 1692e(2)(A); "threat[ening] to take any action that cannot legally be taken," § 1692e(5); and using any "false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Additionally, § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Congress "clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (quoting *Hamilton v. United Healthcare of Louisiana, Inc.*, 310

3

F.3d 385, 392 (5th Cir. 2002)). The FDCPA should therefore "be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002); *see also Serna*, 732 F.3d at 445 n.11.

When evaluating whether a debt collection letter violates § 1692e or § 1692f, the Court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The Court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. At the same time, however, the unsophisticated or least sophisticated consumer is not one "tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original).

### c. Class Representative

Federal Rule of Civil Procedure 23(a)(4) requires the representative party in a class action to "fairly and adequately protect the interests of the class." "[C]lass representatives must show themselves sufficiently informed about the litigation to manage the litigation effort." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005).

### III. ANALYSIS

Kyonnie Hordge, as Independent Administrator of Ms. Carter's estate, moved to substitute Plaintiff. (Doc. No. 38.) Ms. Hordge argues that an FDCPA claim is not extinguished by the death of a plaintiff. Defendants do not contest the survivability of an FDCPA claim.[3]

---

[3] Substitution is proper in FDCPA claims, despite the FDCPA's absence of a survivability clause. Where a statute lacks a survivability clause, courts look to whether the statute is penal or remedial; a claim under a remedial statute survives and a claim under a penal statute does not. *Daugherty v. Convergent Outsourcing, Inc., et al.*, 836 F.3d 507, 511 (5th Cir. 2016). The Fifth Circuit considers the FDCPA remedial. *Id.* Similarly, other district courts that

4

Instead, Defendants oppose substitution because they argue that it will only result in the failure of class certification later due to Ms. Hordge's inadequacy as a representative of the class. (Doc. No. 39.) Ms. Hordge, in reply, argues that while Defendants' arguments would be better addressed in the briefing on class certification, nothing precludes her from being an adequate or typical class representative. (Doc. No. 40.)

The parties have not fully briefed class certification. At this stage, the Court will address the parties' arguments about Ms. Hordge's adequacy as a representative to the extent that she might be precluded from representing the class and substitution would be futile or should be limited to an individual action. This Order does not serve as a ruling on class certification.

First, Defendants argue that Ms. Hordge is not sufficiently informed about the litigation to manage it as a class representative because she cannot testify to Ms. Carter's actual damages. (Doc. No. 39 at 2.) The case that Defendants cite as an example of a court denying class certification on actual damages when a representative of the estate could not offer evidence as to actual damages suffered by a deceased plaintiff does not support Defendants' position. *Perry v. Household Retail Servs.*, 180 F.R.D. 423, 433 (M.D. Ala. 1997). The case is from a district court in another circuit and did not involve the FDCPA; instead, it concerned the Truth In Lending Act, under which the consumer plaintiff's state of mind is relevant to claims for actual damages. *Id.* In contrast, Ms. Hordge cites a Seventh Circuit FDCPA class action where the class representative could proceed in seeking recovery of actual damages for the class even if she herself did not incur actual damages. *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998).

---

have found FDCPA claims are not extinguished by the plaintiff's death. *See Cuoco v. Palisades Collection, LLC*, No. CIV.A. 13-6592 JLL, 2014 WL 956229, at *5 (D.N.J. Mar. 11, 2014); *Bradley v. Franklin Collection Serv., Inc.*, No. 5:10-CV-1537-AKK, 2012 WL 12895015, at *1 (N.D. Ala. Apr. 10, 2012).

The district court in *Perry* allowed the representative of the estate to proceed as class representative for purposes of statutory damages. 180 F.R.D. at 433. The present case also concerns statutory damages. Compl. at 8. Even if this Court were convinced of Defendants' argument about actual damages, Ms. Hordge might be able to represent the class for the purposes of statutory damages. *See also Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 726 n. 9 (S.D. Tex. 2012) ("the FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages") (citing *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998)).

Second, Defendants argue that Ms. Hordge is not sufficiently informed about the litigation because she was not "involved or even informed of this litigation prior to this motion for substitution," and will not be able to testify to Ms. Carter's personal experience of being confused by the letter at issue. (Doc. No. 39 at 2-3.) "A substituted party steps into the same position of the original party." *Bradley v. Franklin Collection Serv., Inc.*, No. 5:10-CV-1537-AKK, 2012 WL 12895015, at *4 (N.D. Ala. Apr. 10, 2012) (citing *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971)). Ms. Hordge's involvement prior to Ms. Carter's death is of little relevance; Ms. Hordge will step into Ms. Carter's position. Moreover, because the Fifth Circuit evaluates collection letters by an objective unsophisticated consumer standard, *McMurray*, 687 F.3d at 669, Ms. Carter's confusion will not need to be the subject of testimony.

Third, Defendants argue there is a potential for conflict between Ms. Hordge as fiduciary to the estate and as fiduciary to the class. (Doc. No. 39 at 3.) In both cases Defendants cite, the courts suggest that the conflict might be cured by a showing that all of the estate's beneficiaries consented to the executor acting on behalf of the class. *First Interstate Bank of Nevada, N.A. v. Chapman & Cutler*, 837 F.2d 775, 781 (7th Cir. 1988) (noting lack of evidence of the beneficiaries' consent); *In re FleetBoston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 324-25 (D.N.J.

2008) (observing that there is no blanket prohibition on estate representatives serving as class representatives). Ms. Hordge should have the opportunity to make that showing, on briefing for class certification.

IV. **CONCLUSION**

Ms. Hordge's Motion to Substitute is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 16th of November, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE