## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MARJORIE CARTER an individual;<br>on behalf of herself and all others<br>similarly situated, | § § § § | |
| Plaintiff, | § § | CAUSE NO.:  4:15-cv-01695 |
| vs. | § § § | |
| FIRST NATIONAL COLLECTION<br>BUREAU, INC., a Nevada Corporation;<br>LVNV FUNDING, LLC, a Delaware<br>Limited Liability Company;<br>RESURGENT CAPITAL SERVICES,<br>L.P., a Delaware Limited Partnership:<br>ALEGIS GROUP, LLC, a Delaware<br>Limited Liability Company, | § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
## AND MEMORANDUM OF LAW IN SUPPORT OF THE MOTION

Daniel A. Edelman (IL Bar No. 00712094)
Francis R. Greene (IL Bar No. 62732313)
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC 20
South Clark Street, Suite 1500
Chicago, Illinois 60603
(312)739-4200
(312) 419-0379 (FAX)
dedelman@edconmbs.com
fgreene@edcombs.com


Daniel Ciment
Ciment Law Firm, PLLC
PO Box 5845
Katy, TX 77491
Phone/Fax 833-663-3289
Daniel@CimentLawFirm.com

## <u>TABLE OF CONTENTS</u>

I. S HORT STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ……......1

II. ISSUES TO BE RULED UPON………………………………………………..……2

III. STANDARD OF REVIEW………………………………………………………....2

IV. ARGUMENT…………………………………………………………………...….3

    A.  THE FAIR DEBT COLLECTION PRACTICES ACT…………………………..…….3

    B.  THE PROPOSED CLASSES MEETS THE REQUIREMENTS FOR
        CERTIFICATION……………..………………………………………...…....7

        1.     Rule 23(a)(1) – Numerosity………………..………………..…...7

        2.     Rule 23(a)(2)—Commonality; and Rule 23(b)(3) -- Common Questions
             of Law or Fact Predominate………………………………...…………….8

        3.     Rule 23(a)(3)—Typicality…..…………………….………………10

        4.     Rule 23(a)(4)—Adequacy of Representation………………………...…10

        5.     Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of
             Resolving This Controversy…………………………………………...12

V. CONCLUSION…………………………………………...………………..14

## **TABLE OF AUTHORITIES**

**Cases**

*Amchem Products Inc v. Windsor,*

    521 U.S. 591 (1997)................................................................................................ 9, 12

*Arellano v. Clark Cty. Collection Serv., LLC,*

    875 F.3d 1213 (9th Cir. 2017) ..................................................................................... 4

*Baker v. G. C. Servs. Corp.,*

    677 F.2d 775 (9th Cir. 1982) ....................................................................................... 5

*Barnett v. Experian Info. Sols.,*

    No. CIV.A. 2:00CV175,2004 WL 4032909 (E.D. Tex. Sept. 30, 2004)............................ 6, 13

*Bartlett v. Heibl,*

    128 F.3d 497 (7th Cir.1997) ....................................................................................... 5

*Boles v. Moss Codilis, LLP,*

    No. SA-10-CV-1003-XR, 2011 WL 4345289 (W.D. Tex. Sept. 15, 2011) .............................. 4

*Castano v. American Tobacco Co.,*

    84 F.3d 734 (5th Cir.1996) ................................................................................... 10, 13

*Castro v. Collecto, Inc.,*

    256 F.R.D. 534 (W.D. Tex. 2009) ............................................................................ 6, 14

*Clomon v. Jackson,*

    988 F.2d 1314 (2d Cir. 1993)....................................................................................... 5

*Cope v. Duggins,*

    98-3599-L, 2000 U.S.  Dist.  LEXIS 5081 (E.D.La.  Apr.  14, 2000)........................................ 6

*Cole v. Livingston*,

    No. 4:14-CV-1698, 2016 WL 3258345 (S.D. Tex. June 14, 2016)...................................... 8, 10

*Daugherty v. Convergent Outsourcing, Inc.*,

    836 F.3d 507 (5th Cir. 2016) ............................................................................................ 2

*Frey v. First Nat. Bank Sw.*,

    602 F. App'x 164 (5th Cir. 2015)...................................................................................... 9

*FTC v. Check Investors, Inc.*,

    502 F.3d 159 (3d Cir. 2007)............................................................................................. 3

*Funeral Consumers All., Inc. v. Serv. Corp. Int'l*,

    695 F.3d 330 (5th Cir. 2012) ........................................................................................... 2

*Goswami v. Am. Collections Enter.*,

    377 F.3d 488 (5th Cir. 2004) ........................................................................................... 5

*Hamilton v. United Healthcare of Louisiana, Inc.*,

    310 F.3d 385 (5th Cir. 2002) ........................................................................................... 5

*Hayes v. Convergent Healthcare Recoveries, Inc.*,

    No. 14-1467, 2016 WL 5867818 (C.D. Ill. Oct. 7, 2016)............................................ 6, 9

*Henderson v. Eaton*,

    01-0138-R, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002) .................................. 6

*Henry v. Cash Today, Inc.*,

    199 F.R.D. 566 (S.D. Tex. 2000)................................................................................... 13

*Ibe v. Jones*,

    836 F.3d 516 (5th Cir. 2016) ........................................................................................... 7

*In re Deepwater Horizon*,

739 F.3d 790 (5th Cir. 2014) ............................................................................ 8

*In re Enron Corp.*,

*Sec.*, 529 F. Supp. 2d 644 (S.D. Tex. 2006) .................................................... 2

*In re FleetBoston Fin. Corp. Secs. Litig.*,

253 F.R.D. 315 (D.N.J. 2008) ......................................................................... 11

*In re Rhone–Poulenc Rorer, Inc.*,

51 F.3d 1293 (7th Cir.1995) ............................................................................ 13

*In re TWL Corp.*,

712 F.3d 886 (5th Cir. 2013) ........................................................................... 12

*Jacobson v. Healthcare Fin. Servs., Inc.*,

516 F.3d 85 (2d Cir. 2008) ................................................................................ 4

*Mace v. Van Ru Credit Corp.*,

109 F.3d 338 (1997) ........................................................................................ 12

*Magee v. Portfolio Recovery Assocs., LLC*,

No. 12 C 1624, 2015 WL 535859 (N.D. Ill. Feb. 5, 2015) ......................... 7, 9

*McCartney v. First City Bank*,

970 F.2d 45 (5th Cir. 1992) ............................................................................... 3

*McMahon v. LVNV Funding, LLC*,

807 F.3d 872 (7th Cir. 2015) .......................................................................... 6, 9

*McMurray v. ProCollect, Inc.*,

687 F.3d 665 (5th Cir. 2012) ............................................................................. 5

*McWilliams v. Advanced Recovery Sys., Inc.*,

 310 F.R.D. 337 (S.D. Miss. 2015) ............................................. 6

*Miller v. Wolpoff & Abramson, L.L.P.*,

 321 F.3d 292 (2d Cir. 2003).................................................... 5

*Mitchell v. LVNV Funding, LLC*,

 No. 2:12-CV-523-TLS, 2015 WL 7016343 (N.D. Ind. Nov. 10, 2015) ................ 6, 9

*Mullen v. Treasure Chest Casino, LLC*,

 186 F.3d 620 (5th Cir. 1999) .................................................. 7

*Owen v. I.C. Sys., Inc.*,

 629 F.3d 1263 (11th Cir. 2011) ................................................ 5

*Pederson v. Louisiana State Univ.*,

 213 F.3d 858 (5th Cir. 2000) .................................................. 7

*Peter v. GC Services, L.P.*,

 310 F.3d 344 (5th Cir. 2002) .................................................. 5

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of State of Miss.*,

 637 F.2d 1014 (5th Cir. 1981) ................................................. 7

*Purdie v. Ace Cash Express, Inc.*,

 No. CIV.A. 301CV1754L, 2003 WL 22976611 (N.D. Tex. Dec. 11, 2003)............. 13

*Rawson v. Source Receivables Mgmt., LLC*,

 289 F.R.D. 267 (N.D. Ill. 2013)............................................. 7, 9

*Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc.*,

 No. CIV.A. 12-2043, 2014 WL 7330602 (E.D. La. Dec. 18, 2014)................... 6

*San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*,

    188 F.R.D. 433 (W.D. Tex. 1999) ............................................. 9

*See, e.g.*, *Eatmon v. Palisades Collection LLC*,

    CIV.A. 2:08-CV-306, 2011 WL 147680 (E.D. Tex. Jan. 18, 2011)........................... 6

*Serna Office of Joseph Onwuteaka, PC*,

    No. 4:11-CV-3034, 2014 WL 109402 (S.D. Tex. Jan. 10, 2014)........................... 5

*Serna v. Law Office of Joseph Onwuteaka, P.C.*,

    732 F.3d 440 (5th Cir. 2013) ............................................. 4

*Slade v. Progressive Sec. Ins. Co.*,

    856 F.3d 408 (5th Cir. 2017) ............................................. 11

*Thompson v. Diversified Adjustment Serv., Inc.*,

    No. CIV.A. H-12-922, 2013 WL 3973976 (S.D. Tex. July 31, 2013) ...................... 5

*Wal-Mart Stores, Inc. v. Dukes*,

    564 U.S. 338 (2011).................................................... 8

*Walton v. Franklin Collection Agency, Inc.*,

    190 F.R.D. 404 (N.D. Miss. 2000)....................................... 6, 12

*Yates v. Collier*,

    868 F.3d 354 (5th Cir. 2017) ........................................... 3, 8

*Young v. Asset Acceptance, LLC*,

    No. 3:09-CV-2477-BH, 2011 WL 618274 (N.D. Tex. Feb. 10, 2011)...................... 4

*Zeidman v. J. Ray McDermott & Co.*,

    651 F.2d 1030 (5th Cir. 1981) ......................................... 7

## **Statutes**

15 U.S.C. §1692e(1)-(16) ............................................................................... 4

15 U.S.C. §1692g ........................................................................................... 4

15 U.S.C. § 1692 ........................................................................................... 1

15 U.S.C. § 1692(a)-(b) ................................................................................. 3

15 U.S.C. §§1692k(a)(2)(B) and 1692k(b)(2) ............................................... 6

## **Rules**

Fed.R.Civ.P 23(a) .......................................................................................... 2

Rule 23 .............................................................................................. 2, 9, 10

Rule 23(a)(1) ................................................................................................. 7

Rule 23(a)(2) ................................................................................................. 8

Rule 23(a)(3) ............................................................................................... 10

Rule 23(a)(4) ............................................................................................... 10

Rule 23(b)(3) .................................................................................... 8, 12, 14

## **Other Authorities**

1 Newberg on Class Actions § 3.05, at 3–25 (3d ed.1992) ............................ 7

S. Rep. No. 382, 95th Cong., 1 st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697 .......... 3

TO THE HONORABLE COURT:

Kyonnie Hordge, as Independent Administrator of the Estate of Marjorie Ann Carter ("Plaintiff"), respectfully moves for entry of an order which finds that this action may proceed as a class action against defendants First National Collection Bureau, Inc. (FNCB); LVNV Funding, LLC (LVNV), "Resurgent Capital Services, L.P. (Resurgent), and Alegis Group, LLC (Alegis) (collectively "Defendants"). Plaintiff seeks certification of two classes, A and B, defined as follows:

Class A consists of (a) all individuals with Texas addresses (b) to whom First National Collection Bureau, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after June 15, 2014 and on or before July 6, 2015.

Class B consists of (a) all individuals with Texas addresses (b) to whom a letter was sent on behalf of LVNV, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after June 15, 2014 and on or before July 6, 2015.

Plaintiff further requests that Ciment Law Firm PLLC and Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the classes.

## I.   SHORT STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Plaintiff claims that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), when FNCB sent her mother, Marjorie Carter, a collection letter to collect on a credit card account that had gone into default more than four years prior to the letter. The letter offered a settlement of the debt but did not disclose that Defendants could no

1

longer file a lawsuit to collect the debt as the four-year statute of limitations had run. Plaintiff claims that the letter was misleading in violation of §§ 1692e, e(2)(A), e(5), and e(10) of the FDCPA.

On September 11, 2015, the Court denied Defendants' motion to dismiss. (Doc. 16.) On October 9, 2015, the Court stayed the case (Doc. 23.) pending the Fifth Circuit's decision in *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507 (5th Cir. 2016), which held that the plaintiff had stated a claim, reversing the district court's dismissal of the complaint. On November 16, 2017, the Court granted Plaintiff's motion to substitute for her deceased mother, Marjorie Carter, as the plaintiff in this case. (Doc. 42.) Plaintiff now moves for class certification.

## II.      ISSUES TO BE RULED UPON

The issues to be ruled upon are whether the proposed classes, A and B, meet all the requirements of Fed.R.Civ.P 23(a) and (b)(3).

## III.     STANDARD OF REVIEW

The party seeking class certification has the burden of proof. *Funeral Consumers All., Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 345 (5th Cir. 2012). In determining whether a class should be certified, a district court should "vigorously analyze Rule 23's prerequisites." *Id*. This analysis requires "an understanding of 'the relevant claims, defenses, facts, and substantive law presented in the case.'" *Id* at 345-346. "The court has wide discretion in determining whether to certify a class, but that discretion must be exercised within the bounds of Rule 23." *In re Enron Corp. Sec.*, 529 F. Supp. 2d 644, 670 (S.D. Tex. 2006). "Rule 23 does not set forth a mere

pleading standard." Instead, a plaintiff "must affirmatively demonstrate his compliance with the

Rule." *Yates v. Collier*, 868 F.3d 354, 362 (5th Cir. 2017) (citations omitted).

## IV.   ARGUMENT

### A.   The Fair Debt Collection Practices Act

In enacting the FDCPA, Congress recognized the --

> universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697. The

law was enacted to curb the use of abusive, deceptive, and unfair debt collection practices

because those practices contribute to personal bankruptcies, marital instability, loss of jobs, and

invasions of individual privacy. 15 U.S.C. § 1692(a)-(b). Moreover, Congress sought to protect

consumers regardless of the circumstances leading to their indebtedness. A "basic tenet of the

Act is that all consumers, even those who have mismanaged their financial affairs resulting in

default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v.*

*Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007) (internal citations omitted); *McCartney*

*v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992) ("The Act makes debt collectors liable for

various "abusive, deceptive, and unfair debt collection practices" regardless of whether the debt

is valid.")

The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct

3

which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

To protect consumers from abusive debt collection practices, Congress, *inter alia*, required debt collectors to provide truthful information to consumers at all times. Thus, Congress imposed both a general prohibition on the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt", 15 U.S.C. §1692e, but also included a non-exclusive list of specific prohibitions on the dissemination of untrue, misleading and deceptive information. 15 U.S.C. §1692e(1)-(16). Congress also required debt collectors to disclose certain truthful information to consumers regarding a debt, including its amount, the current creditor, the consumer's right to dispute the debt, or obtain more information about it. 15 U.S.C. §1692g. In short, in enacting the FDCPA, Congress provided consumers with certain substantive rights to truthful information from debt collectors, and, by allowing a private right of action, Congress expected the FDCPA to be self-enforcing by "private attorney generals." *Young v. Asset Acceptance, LLC*, No. 3:09-CV-2477-BH, 2011 WL 618274, at *2 (N.D. Tex. Feb. 10, 2011); *Boles v. Moss Codilis, LLP*, No. SA-10-CV-1003-XR, 2011 WL 4345289, at *1 (W.D. Tex. Sept. 15, 2011); *Arellano v. Clark Cty. Collection Serv., LLC*, 875 F.3d 1213, 1217 (9th Cir. 2017); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

The FDCPA is regarded as a remedial statute: "Congress ... has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and *clearly intended the FDCPA to have a broad remedial scope.*" *Serna v. Law Office*

4

*of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (quoting *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (emphasis in the original).

The Fifth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated or least sophisticated consumer". *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004). The Fifth Circuit elects not to distinguish between the two standards perceiving that "the difference between the standards is de minimis at most." *Peter v. GC Services, L.P.*, 310 F.3d 344, 349 n1 (5th Cir. 2002). The basic purpose of these standards is to ensure that the FDCPA protects all consumers, the "gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Both standards are objective—whether the plaintiff or any class member was misled is not an element of a cause of action.

A consumer can recover statutory damages without proving actual damages. *Serna Office of Joseph Onwuteaka, PC*, No. 4:11-CV-3034, 2014 WL 109402, at *6 (S.D. Tex. Jan. 10, 2014); *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997); *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 780-781 (9th Cir. 1982).

A plaintiff need not prove intent, bad faith or negligence in an FDCPA case. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) ("The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional.") (citations omitted.) The FDCPA is a strict liability statute. *Thompson v. Diversified Adjustment Serv., Inc.*, No. CIV.A. H-12-922, 2013 WL 3973976, at *4 (S.D. Tex. July 31, 2013) ("Courts have generally referred

to the FDCPA as a "strict-liability statute" that makes debt collectors liable even for inadvertent violations.")

Congress expressly recognized the propriety of class actions to enforce violations of the FDCPA by specifying the damages a class could recover in a successful class action. 15 U.S.C. §§1692k(a)(2)(B) and 1692k(b)(2). As a result, numerous FDCPA class actions have been certified. *See, e.g.*, *Eatmon v. Palisades Collection LLC*, CIV.A. 2:08-CV-306, 2011 WL 147680 (E.D. Tex. Jan. 18, 2011); *Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D. Tex. 2009); *Barnett v. Experian Info. Sols.*, No. CIV.A. 2:00CV175, 2004 WL 4032909, at *2-5 (E.D. Tex. Sept. 30, 2004); *McWilliams v. Advanced Recovery Sys., Inc.*, 310 F.R.D. 337, 338 (S.D. Miss. 2015); *Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc.*, No. CIV.A. 12-2043, 2014 WL 7330602, at *1 (E.D. La. Dec. 18, 2014); *Henderson v. Eaton*, 01-0138-R, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002); *Cope v. Duggins*, 98-3599-L, 2000 U.S. Dist. LEXIS 5081 (E.D.La. Apr. 14, 2000); *Walton v. Franklin Collection Agency, Inc.,* 190 F.R.D. 404, 413 (N.D. Miss. 2000).

In particular, courts have found class certification to be proper in in cases where, as here, the plaintiffs claimed that collection letters offering to settle time-barred debts violated the FDCPA. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818 (C.D. Ill. Oct. 7, 2016); *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2015 WL 7016343 (N.D. Ind. Nov. 10, 2015), *reconsideration denied,* No. 2:12-CV-523-TLS, 2016 WL 299044 (N.D. Ind. Jan. 25,

2016); *Magee v. Portfolio Recovery Assocs., LLC*, No. 12 C 1624, 2015 WL 535859 (N.D. Ill.

Feb. 5, 2015); *Rawson v. Source Receivables Mgmt., LLC*, 289 F.R.D. 267 (N.D. Ill. 2013).

### B.    The Proposed Classes Meets the Requirements for Certification

#### 1.    Rule 23(a)(1) -- Numerosity

Fed.R.Civ.P. 23(a)(1) requires that the class be "so numerous that joinder of all members

is impracticable." The Fifth Circuit has not identified a single number which is sufficient *per se*

to meet the numerosity requirement. Instead, the Fifth Circuit has emphasized that the overriding

issue is the *practicability* of joining all the class members:

> Ample case law can be cited to show that smaller classes have been certified and
> larger ones denied certification for lack of numerosity. Such number comparisons
> miss the point of the Rule. The proper focus is not on numbers alone, but on
> whether joinder of all members is practicable in view of the numerosity of the
> class and all other relevant factors.

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of State of Miss.*, 637

F.2d 1014, 1022 (5th Cir. 1981); *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 n.11 (5th

Cir. 2000) (accord). Rather, "a number of facts other than the actual or estimated number of

purported class members may be relevant to the 'numerosity' question; these include, for

example, the geographical dispersion of the class, the ease with which class members may be

identified, the nature of the action, and the size of each plaintiff's claim." *Ibe v. Jones*, 836 F.3d

516, 528 (5th Cir. 2016) (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038

(5th Cir. 1981).

In *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999), the Fifth

Circuit held that a class consisting of 100 to 150 members was "within the range that generally

satisfies the numerosity requirement. *See* 1 Newberg on Class Actions § 3.05, at 3–25 (3d

ed.1992) (suggesting that any class consisting of more than forty members "should raise a

7

presumption that joinder is impracticable").”

Here, Defendants have stipulated that the number of persons who meet the definitions of classes A and B are so numerous that joining them would be impracticable. Class members are persons who reside in Texas, the second largest state in the union, comprising approximately 261,000 square miles of land.[1] Based on the number of class members and their geographic dispersal, numerosity is satisfied.

> ### 2.   Rule 23(a)(2) -- Commonality; and Rule 23(b)(3) -- Common Questions of Law or Fact Predominate

Fed.R.Civ.P. 23(a)(2) requires that there be "questions of law or fact common to the class" and Rule 23(b)(3) requires that the common questions of law or fact "predominate over any questions affecting only individual members." Commonality is satisfied when there is "at least one contention that is central to the validity of each class member's claims." *Cole v. Livingston*, No. 4:14-CV-1698, 2016 WL 3258345, at *7 (S.D. Tex. June 14, 2016), *aff'd sub nom. Yates v. Collier*, 868 F.3d 354 (5th Cir. 2017) (quoting *In re Deepwater Horizon*, 739 F.3d 790, 810 (5th Cir. 2014). The common question of law or fact need not be related to damages; it can be related solely to an issue of liability. *Id*. The common question "'must be of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Yates v. Collier*, 868 F.3d 354, 361 (5th Cir. 2017) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Here, members of each class received one or more collection letters in which an offer was made to settle a credit card debt which was no longer judicially enforceable because the statute

---

[1] https://en.wikipedia.org/wiki/List_of_U.S._states_and_territories_by_area

of limitations had run. The predominant question—which can be answered in a single adjudication for the classes as a whole—is whether Defendants' policy of offering to settle a time-barred debt violates the FDCPA. A common policy or course of conduct is especially amenable to class-wide adjudication.  *Frey v. First Nat. Bank Sw.*, 602 F. App'x 164, 172 (5th Cir. 2015) ("Because there is a common course of conduct that provides a class-wide basis for deciding significant common issues of fact and law . . . the district court correctly concluded that common issues predominate."); *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 442-443 (W.D. Tex. 1999) ("As long as class members are allegedly affected by a defendant's general policy, and the general policy is the crux or focus of the litigation, the commonality prerequisite is satisfied.")

Rule 23's commonality and predominance requirements were found to have been satisfied in cases in which, as here, the plaintiffs claimed that collection letters offering to settle time-barred debts violated the FDCPA. *McMahon v. LVNV Funding, LLC*, 807 F.3d 872, 875-876 (7th Cir. 2015); *Hayes v. Convergent Healthcare Recoveries, Inc.*, No. 14-1467, 2016 WL 5867818, *6-7, 9 (C.D. Ill. Oct. 7, 2016); *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2015 WL 7016343, *5-6, 9-10 (N.D. Ind. Nov. 10, 2015), *reconsideration denied,* No. 2:12-CV-523-TLS, 2016 WL 299044 (N.D. Ind. Jan. 25, 2016); *Magee v. Portfolio Recovery Assocs., LLC*, No. 12 C 1624, 2015 WL 535859, *3-4 (N.D. Ill. Feb. 5, 2015); *Rawson v. Source Receivables Mgmt., LLC*, 289 F.R.D. 267, 269-270 (N.D. Ill. 2013).

This is not a mass tort case in which predominance has often been found lacking. *See e.g.*,  *Amchem Products Inc v. Windsor,* 521 U.S. 591, 623-28 (1997) (common issues did not predominate (a) where class members had been exposed to asbestos-containing products from different sources and at different time periods, (b) where some class members exhibited

9

symptoms of illness and others did not, and (c) where class members resided in different states requiring the application of different legal standards); *Castano v. American Tobacco Co.,* 84 F.3d 734 (5th Cir.1996) (common issues did not predominate in a suit brought by addicted smokers of nicotine because of variations in state laws and complex proofs of individual damages).

For the foregoing reasons, the proposed classes meet Rule 23's commonality and predominance requirements.

### 3.      Rule 23(a)(3) -- Typicality

Fed.R.Civ.P. 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Typicality "is commonality addressed from the perspective of the named plaintiffs. Commonality requires showing that, in fact, all members of the proposed class share a common claim, the validity of which can be determined on a classwide basis. Typicality requires showing that, in fact, the proposed representatives have that claim." *Cole v. Livingston*, 2016 WL 3258345, at *8 (S.D. Tex. 2016) (citations omitted).

Here, typicality is inherent in the class definition. By definition, each of the class members has been subjected to the same practice as the named plaintiff, *i.e.*, like Plaintiff, class members all received letters from, or on behalf of, Defendants offering to settle time-barred debts, which letters Plaintiff claims violated the FDCPA.

### 4.      Rule 23(a)(4) -- Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Adequacy "encompasses three separate but related inquiries (1) 'the zeal and competence of the representative[s'] counsel'; (2) 'the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of

10

absentees'; and (3) the risk of 'conflicts of interest between the named plaintiffs and the class they seek to represent.'" *Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017) (citations omitted). All of these requirements are met here.

Plaintiff is represented by the law firms of Edelman, Combs, Latturner & Goodwin, LLC, and Ciment Law Firm PLLC. As is indicated in the Declaration of Daniel A. Edelman, *Exhibit A*, Edelman, Combs, Latturner & Goodwin, LLC is highly experienced in consumer class action litigation, having represented consumers in suits seeking to enforce consumer protection laws for more than twenty-five years. As is indicated by the Declaration of Daniel Ciment, attached hereto as *Exhibit B*, Mr. Ciment has a wide range of experience litigating FDCPA cases.

Plaintiff understands the duties of a class representative and is fully prepared to take an active role in protecting the interests of class members. Declaration of Kyonnie Hordge, *Exhibit C*.

Plaintiff's interests do not conflict with class members' interests. Like them, Plaintiff is seeking money damages from Defendants. Moreover, Plaintiff's interest in protecting class members' interests does not conflict with her role as the independent administrator of her mother's estate. The other beneficiaries to Marjorie Carter's estate, Candice Walker and Hade Walker, consent to Plaintiff acting as the representative of the classes in this action. *Exhibits D and E*. Their consent obviates any concerns about a conflict of interest. *See In re FleetBoston Fin. Corp. Secs. Litig.*, 253 F.R.D. 315, 325 (D.N.J. 2008) (potential conflict between plaintiff's

role as representative of the class and estate's executor addressed by showing "that all of the

estate's beneficiaries consented to the executor's acting on behalf of the class.")

> **5.    Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods
> of Resolving This Controversy**

Rule 23(b)(3) requires a determination:

> that a class action is superior to other available methods for fairly and efficiently
> adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of
> separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or
> against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the
> particular forum; and
> (D) the likely difficulties in managing a class action.

The superiority requirement requires an assessment of "the relative advantages of alternative

procedures for handling the total controversy." *In re TWL Corp.*, 712 F.3d 886, 896 (5th Cir.

2013) (quoting Fed. R. Civ. P. 23(b)(3) Advisory Committee's Note to 1966 Amendment).

"The superiority analysis is fact-specific and varies depending on the circumstances of each

case." *Id.*

Courts have found that a class action is a superior method when each class members'

damages are modest. "The policy at the very core of the class action mechanism is to overcome

the problem that small recoveries do not provide the incentive for any individual to bring a solo

action prosecuting his or her rights. A class action solves this problem by aggregating the

relatively paltry potential recoveries into something worth someone's (usually an attorney's)

labor." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997) (quoting *Mace v. Van Ru

Credit Corp.,* 109 F.3d 338, 344 (1997). *See also Walton v. Franklin Collection Agency, Inc.*,

190 F.R.D. 404, 412–13 (N.D. Miss. 2000) (some citations omitted) ([T]he Fifth Circuit has held

12

that the 'most compelling rationale for finding superiority in a class action' is the existence of a 'negative value suit.' *Castano v. American Tobacco Co.,* 84 F.3d 734, 748 (5th Cir.1996). A negative value suit is one in which the 'stakes to each member are too slight to repay the cost of the suit.' *In re Rhone–Poulenc Rorer, Inc.,* 51 F.3d 1293, 1300 (7th Cir.1995).)

The damages caused by a violation the FDCPA are typically modest. *Barnett v. Experian Info. Sols.*, No. CIV.A. 2:00CV175, 2004 WL 4032909, at *5 (E.D. Tex. Sept. 30, 2004) ("[T]he typical recovery in an FDCPA case by an individual is often very small due to the plaintiff's inability to demonstrate precisely the amount of reasonable compensation necessary to remedy an unfair collection practice. The absence of the class action vehicle would leave many consumers with no practical alternative to enforce their rights under the statute.") Congress, moreover, recognized that a class action would often be the most appropriate method for enforcing the FDCPA. "The language of the FDCPA governing the recovery in class actions is an indication that Congress views the availability of the class action procedure as an integral part of the enforcement regime." *Id*.

A class action is also a superior method of adjudicating a claim when it is likely that class members may be unaware that their rights have been violated. *Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611, at *4 (N.D. Tex. Dec. 11, 2003) ("The record reflects that many of the affected borrowers may be unaware of a violation of their rights . . . ."); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566, 573 (S.D. Tex. 2000) ("Plaintiffs emphasize that most of the affected borrowers are probably unaware of the violation of their rights . . . ."

13

A lawsuit claiming a collection letter has violated the FDCPA is particularly well suited for class-wide adjudication:

> Likewise, because the claims in this case are limited to whether the mailing of the letter to the class members was in violation of the FDCPA, the class action is the superior vehicle for determining the rights of debtors in this matter. The predominant form of requested relief is money damages, and therefore the Rule 23(b)(3) class action simultaneously provides a convenient and desirable mechanism for disposing of numerous debtors' actions, while protecting those individuals who wish to opt out of the class action because they do not want their claims decided in such a manner. Because the claims, defenses, facts, and substantive law present little complication for the Court to hear in the class action form, Plaintiff has established it is the superior method for the fair and efficient adjudication of this controversy.

*Castro v. Collecto, Inc.*, 256 F.R.D. 534, 543 (W.D. Tex. 2009) (citations omitted).

As in *Castro*, a class action is a superior method of adjudicating Plaintiff's claims. As in *Castro*, Plaintiff's claims are limited to whether letters mailed to Plaintiff and class members violate the FDCPA; the requested relief is money damages; and the claims, defenses, facts, and substantive law will present little complication for the Court to hear in the class action form. Further, class members' damages in this case are likely to be minimal. And without this suit, most class members are unlikely to be aware that their rights have been violated.

## V.    CONCLUSION

For the reasons set forth above, Plaintiff respectfully moves for entry of an order which (1) finds that this action may proceed as a class action against Defendants (2) certifies Classes A and B defined above, (3) appoints Ciment Law Firm PLLC and Edelman, Combs,

Latturner & Goodwin, LLC counsel for the classes, and (4) Kyonnie Hordge, as Independent

Administrator of the Estate of Marjorie Ann Carter, as the representative of the classes.

Respectfully submitted,


/s/ Francis R. Greene
Francis R. Greene


Daniel A. Edelman (IL Bar No. 00712094)
Francis R. Greene (IL Bar No. 62732313)
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC 20
South Clark Street, Suite 1500
Chicago, Illinois 60603
(312)739-4200
(312) 419-0379 (FAX)
dedelman@edconmbs.com
fgreene@edcombs.com



Daniel Ciment
Ciment Law Firm, PLLC
PO Box 5845
Katy, TX 77491
Phone/Fax 833-663-3289
Daniel@CimentLawFirm.com

## <u>CERTIFICATE OF SERVICE</u>

I, Francis R. Greene, hereby certify that on January 16, 2018, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System which will cause to be sent notification of such filing to all counsel of record.

/s/ Francis R. Greene
Francis R. Greene
