UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Marjorie Carter and individual; on behalf of herself and all others similarly situated, *Plaintiff*, | § § § § | |
| v. | § § | Case No. 4:15-cv-01695 |
| First National Collection Bureau, Inc., a Nevada Corporation; LVNV Funding, LLC, a Delaware Limited Liability Company; Resurgent Capital Services, L.P., a Delaware Limited Partnership: Alegis Group, LLC, a Delaware Limited Liability Company, *Defendants*. | § § § § § § § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants First National Collection Bureau, Inc. ("FNCB"), LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Alegis Group, LLC ("Alegis") (collectively the "Defendants") and files this Response to Kyonnie Hordge ("Plaintiff" or "Hordge") as Independent Administrator of the Estate of Marjorie Ann Carter's Motion to Class Certification, and will show onto this Court as follows:

**I. Introduction**

1.  This case involves an alleged violation of the FDCPA. Plaintiff alleges Defendants violated the FDCPA by sending letters that did not contain a statement to the Plaintiff that the statute of limitations on a debt may have expired and that Defendants could be prohibited from suing the debtor on the debt. Doc. 1. Plaintiff has moved for class certification in this case, seeking two classes:

> Class A consists of (a) all individuals with Texas addresses (b) to whom First National Collection Bureau, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after June 15, 2014 and on or before July 6, 2015.
>
> Class B consists of (a) all individuals with Texas addresses (b) to whom a letter was sent on behalf of LVNV, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after June 15, 2014 and on or before July 6, 2015.

Doc. 44 at 9.[1]

2. There are three main issues which should preclude this Court from granting class certification on Plaintiff's proposed classes. First, Plaintiff misstates the law concerning when the statute of limitations runs on a credit card debt in the state of Texas. Under Texas law, a suit on credit card debt can be brought on two different theories, which have two different determinations for when the statute of limitations began to run. As fully explained herein, a credit card debt in Texas does not necessarily become time barred four years after the date of last payment or activity. Thus, Plaintiff's proposed classes cannot satisfy the requirements of class certification.

3. Second, no class can legally be certified against LVNV. LVNV is a debt buyer and holder and did not engage in any collection activities and did not send any of the letters that are at issue in this case. Exhibit A. Even Plaintiff's Complaint alleges that "management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP." Doc. 1 at 3. Based on this, there is no legal justification to certify a class against LVNV, as LVNV did not engage in the conduct that caused the alleged harm.

4. Third, Plaintiff seeks to certify a class against Resurgent without showing that Resurgent has engaged in any activities that would constitute a violation of the FDCPA. Plaintiff alleges that

---

[1] Defendants are using the page numbers as indicated by file stamp across the top of the document, as opposed to Plaintiff's page numbering at the bottom.

"Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV." Doc. 1 ¶ 27. The only letter Plaintiff attached to her pleadings was a letter from FNCB. Doc. 1-1 at 1. There is nothing in Plaintiff's pleading to establish even a prima facie case against Resurgent for violations of the FDCPA, and therefore no class can be certified against Resurgent. Additionally, because no class can be certified against Resurgent, no class can be certified against Alegis as well. For these reasons, this Court should deny class certification.

## II. Arguments and Authorities

### A. Standard of Law

5. Federal Rule of Civil Procedure 23 requires courts to "determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Courts have wide discretion in determining whether to certify a class, but they must exercise that discretion within the bounds of Rule 23. *Castano v. American Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) "[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 94 S. Ct, 2140, 2153 (1974). "An action may proceed only if the party seeking certification demonstrates that all four requirements of Rule 23(a) are met, and that at least one of three requirements of Rule 23(b) are met." *Vizena v. Union Pacific R.R. Co*., 360 F.3d 496, 503 (5th Cir. 2004) (per curiam); *see Gene and Gene LLC v. Biopay LLC*, 541 F.3d 318, 325 (5th Cir. 2008) (party seeking certification bears the burden of proof).

6. Under Rule 23(a) the moving party must demonstrate that: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and

adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a); *see Amchem Products, Inc. v. Windsor*, 117 S. Ct. 2231, 2245 (1997). Under Rule 23(b) the moving party must demonstrate that a class action is the appropriate vehicle through which to resolve the litigation. Fed. R. Civ. P. 23(b); *see Vizena*, 360 F.3d at 503. Rule 23(b) states, in relevant part, that a class action is appropriate if the moving party establishes the prerequisites set forth in Rule 23(a) and if:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members [(predominance)], and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy [(superiority)].

Fed R. Civ. P. 23(b)(3).

7. In making the class certification determination courts must undertake a rigorous analysis of Rule 23's prerequisites by probing beyond the pleadings to understand the claims, defenses, and relevant facts. *See General Telephone Co. of the Southwest v. Falcon*, 102 S. Ct, 2364, 2372 (1982). To conduct the rigorous analysis required by Rule 23, courts must address class certification on a claim-by-claim basis, *James v. City of Dallas. Texas*, 254 F.3d 551, 563 (5th Cir. 2001), cert. denied, 122 S. Ct. 919 (2002), and must "identify the substantive law issues which will control the outcome of the litigation." *Castano*, 84 F.3d at 741.

### B. Plaintiff's proposed classes misstate the statute of limitations for credit card debt in Texas

8. This case concerns letters sent to debtors to collect on debts that were allegedly past the statute of limitations. Thus, this case necessarily concerns individual determinations of the statute of limitations on credit cards debts. Plaintiff's two proposed classes misstate how the statute of limitations for credit card debt works in Texas. Plaintiff believes the statute of limitations for a credit card debt begins to run when "the last payment or activity had occurred more than four years

prior to the letter." Doc. 44 at 9. This is both an incorrect and incomplete statement of the statute of limitations for credit card debt under Texas law.

9.      In Texas, a suit over credit card debt can be brought as (either or both) a breach of contract or a suit on an open account. If the suit is brought as a breach of contract, the statute of limitations runs for four years from when the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.004(a)(3); *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App–Houston [1st Dist.] 2008, no pet.).

10.     A suit on a credit card account "may [also] be brought as an action on an open account because through the regular course of dealings, the transactions between the parties create a creditor-debtor relationship, and as long as the account is still open, the parties expect to conduct further dealings." *LTD Acquisitions, LLC v. Cook*, No. 04-10-00296-CV, 2011 WL 61634, at *2 (Tex. App.—San Antonio Jan. 5, 2011). In a suit on an open account, the statute of limitations is four years as well, but the "cause of action accrues on the day that the dealings in which the parties were interested together cease." *Id.* Texas courts have held that "evidence of last payment is not conclusive evidence of when the dealings between the parties ceased." *Id.* Thus, there are two distinct causes of action with potentially two different statute of limitations.

11.     A credit card account is not necessarily closed after the last payment or activity, and the statute of limitations for a suit based on credit card debt could extend more than four years past the last payment or activity as long as the account is open and the parties expect to conduct further dealings. For example, if a debtor stopped making payments on a credit card and stopped using the credit card, but the creditor did not close the account or prohibit the debtor from using the credit card in a further manner, then the statute of limitations would not necessarily began to run. One would have to examine the relationship between the parties, the nature of the credit, and the

expectations of the party in regards to the credit card. All of these require individual examinations of the debt, the nature of the debt, and the nature of the relationship between the debtor and the creditor to determine whether any letter sent was attempting to collect on a time barred debt. Because of this, Plaintiff has not accurately stated the statute of limitations for a suit on credit card debt in the state of Texas in her proposed class. Class certification cannot be granted to a class that does not accurately state the law that the claims are allegedly based on. Further, class certification cannot be granted when questions involving the individual determination of facts and defenses of each party predominate. For these reasons, class certification should be denied.

### C. Because of the issue with the statute of limitations, there are numerous individual questions of fact concerning the class members

12. Plaintiff moves to certify this class under Rule 23(b)(3). Predominance under Rule 23(b)(3)(a) requires not only that common questions of law and fact exist, but that they "predominate over any questions affecting only individual members." *Amchem*, 521 U.S. at 623-24. The predominance criterion of Rule 23(b)(3) is far more demanding than the identification of a single common issue, and the movant cannot gerrymander predominance by suggesting that only a single issue be certified for class treatment when other individualized issues will dominate or be meaningfully material to the resolution of the absent class members' claims. *Hamilton v. O'Connor Chevrolet, Inc.*, 2006 WL 1697171, at *6 (N.D. Ill. 2006). The need to make individual inquiries has been interpreted as evidence that predominance has not been met. *Thorogood*, 547 F.3d at 746-47, 2007 WL 4286367, at *3; *Foreman v. PRA III, LLC*, 2007 WL 704478, at *14 (N.D. Ill. March 5, 2007).

13. In considering Rule 23(b)(3)'s requirements, the Court must review the substantive elements of Plaintiff's cause of action, the proof necessary for the various elements and the manageability of the trial on these issues. *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551

(2011); *Simer v. Rios*, 661 F.2d 655, 672 (7th Cir. 1981). Where liability determinations are both individual and fact intensive, class certification under Rule 23(b)(3) is improper. *Pastor*, 2005 WL 2453900, at *5. Predominance concerns whether the named plaintiff can offer proof on a class-wide basis through her individualized claims. *Fletcher*, 245 F.R.D. at 332-33; *Blair v. Supportkids, Inc.*, 2003 WL 1908031, at *4 (N.D. Ill. Apr. 18, 2003).

14. This proposed class action deals with whether a letter offered a settlement to a debtor on a debt that was not judicially enforceable due to the statute of limitations. This necessarily depends on a determination of the statute of limitations under Texas law. As the case law described above shows, it will be necessary to make an individual determinations and inquiries into each credit card debt and each debtor in order to see whether the statute of limitations had made that particular debt judicially unenforceable. Plaintiff cannot offer proof on a class wide basis through her individual claim, as the individual nature of her relationship with the creditor cannot apply to the entire class.

15. In particular, Texas courts have held that "evidence of last payment is not conclusive evidence of when the dealings between the parties ceased." *Cook*, 2011 WL 61634, at *2; *Capital One Bank (USA), NA v. Conti*, 345 S.W.3d 490, 492 (Tex. App.—San Antonio 2011) ("Merely establishing the last date of payment is not sufficient to establish, as a matter of law, that the relationship between the parties also ceased on that date."). Plaintiff cannot rely on the date of last payment as conclusively establishing when the statute of limitations period began running as to each individual debtor's debt, nor can Plaintiff rely on the vague and undefined date of last "activity." Because of this, the predominance requirement cannot be met.

16. Additionally, because a creditor or debt collector is allowed to bring a suit on a credit card debt under both a breach of contract claim and an open account claim, each individual debtor would have to show that judicial enforcement of the credit card debt is barred by the statute of

limitations defense for both a breach of contract claim and an open account claim. *Marshall v. Crown Asset Management, LLC*, No. 13-17-00115-CV (Tex. App.—Corpus Christi, Dec. 14 2017) (holding that debtor had to conclusively establish her limitations defense as to both breach of contract and open account claim). This will necessarily require individual determinations of the nature of the debt and the relationship between the debtor and the creditor for each individual member of the proposed class. Plaintiff has failed to establish the predominance criteria, and class certification should be denied.

### D. Plaintiff Fails to Fulfill Rule 23(a)(2)'s Commonality Requirement.

17.     Commonality requires the plaintiff to demonstrate that class members have suffered the same injury. *Wal-Mart Stores, Inc.*, 131 S. Ct. at 2551; *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 (1982). Even a single common question will do. *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 497 (7th Cir. 2012) (quoting *Wal-Mart*, 131 S. Ct. at 2556). "But the Supreme Court explained in *Wal-Mart* that superficial common questions—like whether each class member is an MPS student or whether each class member 'suffered a violation of the same provision of law'—are not enough." *Id*. (quoting *Wal-Mart*, 131 S. Ct. at 2551. "Rather, '[c]ommonality requires the plaintiffs to demonstrate that the class members "have suffered the same injury."'" *Id*. (quoting *Gen Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157, 102 S. Ct. 2364, 72 L.Ed.2d 740 (1982). "The class' claims must depend upon a common contention, and '[t]hat common contention, moreover, must be of such nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Id*.

18.     Plaintiff cannot establish the commonality requirement due to the individual determinations that will have to be made regarding whether the debt in question in each letter was

actually outside the statute of limitations. If the debt is inside the statute of limitations, then Defendant could not have violated the FDCPA in the manner alleged by Plaintiff. Under Texas law, suit on a credit debt can be brought as either a breach of contract, an open account, or both. Thus, a debtor would have to establish that the debt is outside statute of limitations under both causes of action. To determine when the "dealings in which the parties were interested together cease[d]" will necessarily involve an individual determination of each debtor's relationship with each creditor from which the debtor might have received a letter. The proposed determination that Plaintiff has offered, the last payment or activity, is not necessarily conclusive evidence of when the statute of limitations began to run under Texas law. *Cook*, 2011 WL 61634, at *2. Rather, it must be determined by examining when the "dealings in which the parties were interested together cease[d]." *See Cook*, 2011 WL 61634, at *2; *Conti*, 345 S.W.3d at 492.

19. Plaintiff cannot establish the commonality requirement because Plaintiff cannot show that each member of the proposed class suffered the same injury. The alleged injury in Plaintiff's proposed class is receiving a letter on a time-barred debt. However, a debtor in Texas has to establish that both statute of limitations have run on the credit card debt to have a claim for any injury in this case. A debtor who received a letter on a debt in which the last payment or activity had occurred more than four years prior to the letter has not necessarily shown that the statute of limitations has begun to run and has not suffered the same injury as someone that can establish both affirmative defenses to a debt under Texas law. Thus, Plaintiff cannot establish the commonality requirement necessary to certify the proposed classes, and class certification should be denied in this case.

**E. Plaintiff Fails to Fulfill Rule 23(a)(3)'s Typicality Requirement.**

20. Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical

of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality exists when the claims of named and unnamed plaintiffs have a common source and rest upon the same legal and remedial theories. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir.1999). Typicality does not mean that the claims of the representative parties be identical to those of the absent members. *See Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir.1981). Rather, typicality may be satisfied where the representative plaintiffs' claims arise out of the same event or course of conduct as the other members' claims and are based on the same legal theory. *See Ligon v. Frito–Lay, Inc.*, 82 F.R.D. 42, 47 (N.D. Tex.1979) (finding "a class representative and a class member must be similarly, not identically, situated"). The typicality requirement protects class members from representation by a party who is "preoccupied" with a defense which is only applicable to himself. *Warren v. Reserve Fund, Inc.*, 728 F.2d 741, 747 (5th Cir.1984). Thus, class certification is not appropriate where a class representative is subject to unique defenses that threaten to become the focus of the litigation. *See Zachery v. Texaco Exploration & Prod., Inc.*, 185 F.R.D. 230, 240 (W.D.Tex.1999).

21. For the same reasons that Plaintiff cannot establish the commonality and predominance requirements, Plaintiff cannot establish the typicality requirements. Plaintiff argues that her claims are typical of the claims of the class because "each of the class members has been subjected to the same practice as the named plaintiff, i.e., like Plaintiff, class members all received letters from, or on behalf of, Defendants offering to settle time-barred debts, which letters Plaintiff claims violated the FDCPA." Doc. 44 at 18. Yet this is not exactly true. Not all of the debtors who received a letter under Plaintiff's proposed class would have been subject to the same conduct, as some of them could have had a continuing relationship with the creditor even after the last payment or activity, and this could only be determined by examining each proposed class member individual

relationship with their individual creditor. For this reason, class certification cannot be granted.

### F. Plaintiff is not an adequate class representative

22. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The class representatives' interests must be aligned with, and not antagonistic to, unnamed class members. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625-26 (5th Cir. 1999). A sufficient alignment of interests exists when "all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class." *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 208 (5th Cir. 1981). The adequacy requirement requires an inquiry into: "(1) the zeal and competence of the representative's counsel and ... (2) the willingness and ability of the representative to take an active role in and control the litigation and to protect the interests of absentees." *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 484 (5th Cir.2001). "[As] long as all class members are united in asserting a common right, such as achieving the maximum possible recovery for the class, the class interests are not antagonistic for representation purposes." *In re Corrugated Container Antitrust Litig.,* 643 F.2d at 208. The adequacy of the class representative cannot be presumed. *See Berger*, 257 F.3d at 481 ("the party seeking certification bears the burden of establishing that *all* requirements of rule 23(a) have been satisfied.") (emphasis in original)

23. The proposed class representative is Hordge in her role as independent administrator of the estate of Marjorie Carter ("Carter"). As the administrator of Carter's estate, Hordge owes certain duties, including fiduciary duties to the beneficiaries and potential duties to the creditors of the estate. *See, e.g.*, *In re Tomlin*, 266 B.R. 350, 354 (N.D. Tex. 2001) (discussing Texas law and duties of independent administrator). An independent administrator of an estate cannot serve as a named plaintiff in a class action lawsuit if it conflicts with her duties to the estate.

24. As addressed by Defendant in Defendant's Response to Plaintiff's Motion to Substitute and the Court's opinion on the Motion to Substitute, "[Plaintiff] must, *at the very least*, show that all of the estate's beneficiaries consented to the executor's acting on behalf of the class . . ." in order that it "*might* cure the conflict." *In re FleetBoston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 325 (D.N.J. 2008) (emphasis added). Merely getting consent of the other beneficiaries of the estate is not necessary sufficient.

25. Hordge claims that she is "no aware of any conflicts between my personal interests, or the interests of my mother's estate, and the interests of class members." Doc. 44-3 ¶ 7. However, Hordge makes no mention of any potential creditors of the estate to which Hordge might owe a fiduciary duty to, nor does she disclaim that any such creditors exist. Hordge also does not offer any information on the current status of the estate.[2] If the estate closed during the pending of this litigation and ceased to exist resulting in Hodge losing her ability to partake in this litigation as the administrator of the estate, this would certainly prejudice the rights of the class members. Further, Plaintiff misstates her role in the litigation, stating that she has been "appointed to serve as the plaintiff in the lawsuit as a substitute for [her] mother, Marjorie Carter" rather than identifying that she has been substituted in her role as independent administrator and not in any personal role.

26. The adequacy of the named plaintiff to serve as class representative cannot be presumed, and must be affirmatively proved to obtain class certification. Numerous concerns remain regarding Hodge's ability to serve as named plaintiff and class representative in her role as independent administrator of the estate of Marjorie Carter that have not been addressed by Plaintiff. Plaintiff has not met her burden in establishing she is an adequate class representative

---

[2] Though it is potentially not an official public record, the Harris County Clerk website lists *In the Estate Of: Marjorie Ann Carter, Deceased*, Case No. 452436, as Closed and as dropped from the active docket. Given this information and Plaintiff's failure to address it, Plaintiff has not shown herself to be an adequate class representative.

and has not addressed the potential for conflicts with the estate of Marjorie Carter in Plaintiff's Motion for Class Certification.

27. Furthermore, given that Plaintiff's counsel has failed to properly state the statute of limitations for credit card debt under Texas law, has attempted to certify a class with this incorrect statute of limitations, and has failed to properly address all the concerns that surround Hordge's role as substitute plaintiff in her role as independent administrator of the estate of Marjorie Carter, Defendants do not believe that Plaintiff's counsel will adequately represent the class in this case. For these reasons, this Court cannot certify the proposed classes.

### G. This Court should not certify a class against LVNV

28. Plaintiff's first proposed class concerns letters alleged sent by First National Collection Bureau. Plaintiff's second proposed class concerns debtors "to whom a letter was sent on behalf of LVNV, LLC." All of the facts alleged show that LVNV does not engage in any collection activity itself, rather it outsources the work to third-party collectors. *See* Doc. 1 at 3. Because LVNV does not do any collection work, LVNV does not qualify as a debt collector under the FDCPA, and cannot be liable under the FDCPA. Thus, Plaintiff cannot meet the typicality or commonality requirements because the class members do not and cannot have any common or typical injury against LVNV.

29. There are two definitions of a debt collector: (1) a person or company "who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) a person or company "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). LVNV does not qualify as a debt collector under either definition.

30. In analyzing the definitions of a debt collector under the FDCPA, the Supreme Court of

the United States recently ruled that a debt buyer that seeks to collect a debt it owns, even if it was not the originator of the debt, does not qualify as a debt collector under the second prong:

> After all, the Act defines debt collectors to include those who regularly seek to collect debts "owed ... another." And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself. Neither does this language appear to suggest that we should care how a debt owner came to be a debt owner—whether the owner originated the debt or came by it only through a later purchase. All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for "another." And given that, it would seem a debt purchaser like Santander may indeed collect debts for its own account without triggering the statutory definition in dispute, just as the Fourth Circuit explained.

*Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721–22, 198 L. Ed. 2d 177 (2017). Numerous courts "have recognized that *Henson* abrogated the proposition that an entity attempting to collect for itself a debt that it owned can be considered a debt collector merely because it acquired the loan after it was already defaulted." *Beard v. Ocwen Loan Servicing*, LLC, No. 1:14-CV-1162, 2018 WL 638455, at *4 (M.D. Pa. Jan. 31, 2018); *see Niborg v. CitiMortgage, Inc.*, No. C17-5155 BHS, 2017 WL 3017633, at *2 (W.D. Wash. July 17, 2017) ("An entity that seeks to collect a debt for its own account is not a 'debt collector' under the FDCPA, even if it obtained the debt from the loan originator after it went into default."); *Chernyakhovskaya v. Resurgent Capital Servs. L.P.*, No. 2:16-cv-1235, 2017 WL 3593115, at *8 (D.N.J. Aug. 18, 2017) ("The holding in Henson overturned in part [*Check Investors*], which held that the FDCPA applied to entities who were in the practice of purchasing debts and then seeking to collect said debts.").

31. Under the second prong of the FDCPA, it is clear that LVNV does not qualify as a debt collector. LVNV buys and holds debt, and does not engage in collection activity on the behalf of others. <u>Exhibit A</u>. *Hanson* conclusively establishes that LVNV is not a debt collector under the second prong of 15 U.S.C. § 15 U.S.C. 1692a(6).

32. It must be noted, however, that the *Henson* decision only addressed the second prong of

the definition. *See Beard*, 2018 WL 638455, at *5 ("the Henson court did not address the first definition of 'debt collector'—namely, that which defines 'debt collector' as one who is in any business 'the principal purpose of which is the collection of any debts.'"). However, Plaintiff has presented no evidence that LVNV has engaged in any collection activities, and Plaintiff has presented no evidence that LVNV sent any of the letters in question. In fact, a fair reading of Plaintiff's complaint shows that Plaintiff believes that Resurgent is the party taking all of the actions. Doc. 1 at ¶¶ 22 ("All actions taken in the name of LVNV are in fact taken by Resurgent"), 27 ("Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV."). Plaintiff has not established that LVNV is a company who "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). In fact, if Plaintiff's factual allegations are accepted for the sake of argument, LVNV does not actually do anything. Doc. 1 at ¶¶ 22-27. Plaintiff alleges that all actions are taken by Resurgent. *Id.* Thus, Plaintiff has failed to establish the first prong of 15 U.S.C. § 1692a(6) as well.

33. In light of the *Henson* case, at least one court has already dismissed claims against LVNV:

> *Henson* resolved a circuit split and overruled in part *FTC v. Check Investors, Inc.*, 502 F.3d 159 (3d Cir. 2007) and therefore Defendant LVNV does not fall within the meaning of a debt collector as defined by the Supreme Court in *Henson*. Plaintiff alleges in the Amended Complaint, Defendants are each a "Debt Collector" as the term is defined by 15 U.S.C. § 1692(a)(6). (Am. Compl. ¶ 10). LVNV purchased the account while the Debt was already delinquent and in default and then referred the debt obligation for collection to Defendant Resurgent. (*Id*. ¶¶ 23–25). As a subsequent purchaser of the Debt, LVNV does not fall within the meaning of a debt collector as set forth in the FDCPA. Defendant Resurgent, as the third party retained to collect the Debt and having prepared the Account Summary Report, indicating that the date of last payment was September 15, 2004 and that the balance due included interest in the amount of $855.46, Resurgent falls within the meaning of a debt collector under the FDCPA. (*Id*. ¶¶ 26–28).

> As highlighted above, to prevail on an FDCPA claim, a plaintiff must demonstrate that, among other things, the defendant is a debt collector. *See Douglass*, 765 F.3d

at 303; *see also Cooper*, 912 F.Supp.2d at 184 ("The law is clear that FDCPA only applies to 'debt collectors' as the term is defined by the Act."). Per *Henson*, an entity that purchases a debt for its own account does not constitute a debt collector under the FDCPA and because the Amended Complaint includes one count that hinges on the assertion that the Defendants are debt collectors within the meaning of the FDCPA and LVNV does not fall within the meaning of debt collector as set forth by the Supreme Court in Henson, the Court dismisses Plaintiff's action against Defendant LVNV.

*Chernyakhovskaya v. Resurgent Capital Servs. L.P.*, No. 2:16-CV-1235 (JLL), 2017 WL 3593115, at *8 (D.N.J. Aug. 18, 2017).[3] This is reasoning is applicable in this case. Plaintiffs have merely alleged that LVNV is a debt collector while also claiming that Resurgent is responsible for all he actions. However, based on the affidavit of XXX, as well as the facts alleged by Plaintiff, it clear that LVNV only buys and holds the debts, and contracts out any collection work to third parties. Plaintiff cannot demonstrate that LVNV is a debt collector, and as such this Court should not certify a class against LVNV. *See Chernyakhovskaya*, 2017 WL 3593115, at *8.

### H. This Court should not certify a class against Resurgent or Alegis

34. Plaintiff has included Resurgent and Alegis group as defendants and is seeking to certify a class against them. However, there are no grounds to find Resurgent or Alegis liable in this case, and as such a class cannot be certified against them. The facts, as pled by Plaintiff, do not show any avenue for liability against Resurgent or Alegis. There is no evidence or facts to show that Resurgent took any actions towards Plaintiff in this case, only a vague accusation that Resurgent is apparently running things from the shadows. As no class can be certified against Resurgent, no class can be certified against Alegis either.[4]

35. There is nothing in the record or the in the facts pled by Plaintiff to show any liability on

---

[3] In *Chernyakhovskaya*, the Court granted the plaintiff leave to amend to cure these deficiencies. However, that was done at the stage of a motion to dismiss and concerned allegations in the complaint. In comparison, Plaintiff in this case has had sufficient time to prove her claims and this current motion addresses class certification, not a motion to dismiss. Defendants do not believe Plaintiff should be granted leave to change any of her pleadings.

[4] Plaintiff's entire theory of liability against Alegis is that it is the general partner of Resurgent. Therefore, if a class cannot be certified against Resurgent, it cannot be certified against Alegis either.

the part of Resurgent. Plaintiff only vague claims that Resurgent "directed" FNCB to send a letter to Plaintiff. Doc. 1 ¶ 29. The alleged letter Plaintiff attached to her complaint did not come from Resurgent, and does not contain Resurgent's or Alegis' name on the letter at any point. Plaintiff cannot establish the commonality and typicality requirements because she cannot show any injury was caused by Resurgent to herself or any other class members.

36. Plaintiff claims the commonality requirement is satisfied as to Resurgent because the "predominant question—which can be answered in a single adjudication for the classes as a whole—is whether Defendants' policy of offering to settle a time-barred debt violates the FDCPA." Doc. 44 at 17. Yet Plaintiff only pled that this is the "policy and practice of FNCB and LVNV" and not of Resurgent. Doc 1 ¶ 41. Further, Plaintiff claims that the claims of Plaintiff is typical of all class members because Plaintiff and the class members "all received letters from, or on behalf of, Defendants." Doc. 44 at 18. Yet it is clear from the letter attached and the pleadings that there were no letters sent by Resurgent and no letters sent on Resurgent's behalf.

37. The requirements of commonality and typicality cannot be met as applied towards any claims against Resurgent or Alegis. A class should not be certified against parties that cannot be liable for any violations. For these reasons, this Court should not certify any classes against Resurgent or Alegis.

### III. Conclusion

38. Plaintiff's Motion for Class Certification fails for three main reasons. First, Plaintiff has proposed classes that do not properly identify when the statute of limitations began to run on any debt. Plaintiff cannot rely on date of last payment or activity to determine when the statute of limitations began to run. Under Texas law, each debtor will have to satisfy both statute of limitations on the credit card debt, necessitating intensive individual determination of each

account. Second, Plaintiff has not proved nor even pled sufficient facts to show that LVNV is a debt collector under the FDCPA or under the Supreme Court's decision in *Henson*, and this Court should not certify any classes against LVNV. Finally, Plaintiff has not presented any evidence, argument, nor justification for how Resurgent or Alegis violated the FDCPA. The pleadings and the letter Plaintiff attached to her complaint do not in any implicate Resurgent in any actions that could have violated the FDCPA. For these reasons, this Court should deny Plaintiff's Motion for Class Certification.

WHEREFORE, PREMISES CONSIDERED, Defendants First National Collection Bureau, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC respectfully request that this Court deny Plaintiff's Motion for Class Certification.

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630 | FAX: (214) 346-2631

***COUNSEL FOR DEFENDANTS***

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel via **CM/ECF** on this 13th day of February, 2018.

| | |
|---|---|
| Daniel J. Ciment | Daniel A. Edelman |
| Heston Ciment, PLLC | dedelman@edcombs.com |
| 1800 South Mason Road | Francis Richard Greene |
| Suite 240 | Fgreene@edcombs.com |
| Katy, Texas 77450 | Edelman, Combs, Latturner & Goodwin, LLC |
| P. 713-270-4833 | F. 713-583-9296 | 20 S. Clark St., Ste. 1500 |
| Daniel@Hestonlawfirm.com | Chicago, IL 60603 |
| | P: 312.739.4200 | F: 312-419-0379 |

*/s/* Robbie Malone
ROBBIE MALONE