Case 4:15-cv-01695 Document 71 Filed on 07/05/18 in TXSD Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
July 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KYONNIE HORDGE, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1695 |
| | § | |
| FIRST NATIONAL COLLECTION BUREAU, INC., *et al*, | § § § | |
| Defendants. | § § | |

## ORDER

Pending before the Court is Plaintiff's Motion for Class Certification ("Motion"). (Doc. No. 44.)

### I. BACKGROUND

Plaintiff[1] brings this putative class action against Defendants First National Collection Bureau, Inc., LVNV Funding, LLC, Resurgent Capital Services, L.P., and Alegis Group, LLC, (collectively, "Defendants"). Plaintiff alleges that she received a debt collection letter from Defendants that violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

Plaintiff received a letter seeking to collect on a credit card debt. The letter stated, in relevant part:

> We would like to extend the following settlement offer:
>
> A 90% discount payable in 4 payments of $138.92. Each payment within 30 days of the previous payment. We are not obligated to renew this offer. For your convenience you may pay via a check over the phone or credit card. You have our word that your account executive will treat you fairly and with respect.

---

[1] The original Plaintiff, Marjorie Carter, had passed away on March 28, 2016. (Doc. No. 37.) On November 16, 2017, the Court granted the Motion for Substitution of Plaintiff, and the case is proceeding with Kyonnie Hordge as Plaintiff. (Doc. No. 42.)

1

> Sincerely,
> First National Collection Bureau, Inc.
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

(Doc. No. 1-1). Plaintiff alleges that the four-year statute of limitations on the debt had expired and that Defendants were thus time-barred from legally enforcing the debt.[2] (Doc. No. 1 at ¶¶ 32-36.) Plaintiff alleges that by "extend[ing] . . . [a] settlement offer" on a time-barred debt, without disclosing that the debt is time-barred, Defendants falsely suggested that they could file suit to enforce the debt. (Doc. No. 1-1). To imply, in this manner, that a time-barred debt is legally enforceable is, Plaintiff claims, a deceptive and unfair practice in violation of § 1692e and § 1692f of the FDCPA.

## II. MOTION FOR CLASS CERTIFICATION

Plaintiff moves to certify two classes:

> Class A consists of (a) all individuals with Texas addresses (b) to whom First National Collection Bureau, Inc. (c) sent a letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after June 15, 2014 and on or before July 6, 2015.
>
> Class B consists of (a) all individuals with Texas addresses (b) to whom a letter was sent on behalf of LVNV, LLC, (c) offering a settlement of a time-barred debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the letter, (e) which letter was sent on or after June 15, 2014 and on or before July 6, 2015.

(Doc. No. 44 at 1.) Plaintiff also requests that Ciment Law Firm PLLC and Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the classes. (*Id.*)

---

[2] A statute of limitations bar "applies only to *judicial* remedies; it does not eliminate the debt. Creditors are entitled to attempt to pursue even time-barred debts, so long as they comply with the rules of the FDCPA." *Johnson v. Capital One Bank*, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *2 (W.D. Tex. May 19, 2000). The Defendants here are not creditors.

Defendants argue that there are three main issues that preclude class certification: (1) there are two theories under which a suit for credit card debt can be brought under Texas law, and determining the statute of limitations will require individualized inquiries for each class member; (2) Defendant LVNV is a debt buyer and holder, did not engage in any collection activities, and no class can be certified against it; and (3) no class can be certified against Defendant Resurgent because Plaintiff did not plead a prima facie case against Resurgent. (Doc. No. 47.)

### III. APPLICABLE LAW

#### a. Class Actions

The requirements for class certification under Rule 23(a) are:

(1) the class is so numerous that joinder of all members is impracticable [numerosity];

(2) there are questions of law or fact common to the class [commonality];

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality]; and

(4) the representative parties will fairly and adequately protect the interests of the class [adequacy of representation].

Fed. R. Civ. P. 23(a). The party seeking certification bears the burden of proof. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). "To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements, as well as the requirements of Rule 23(b)(1), (2), or (3)." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012) (citing *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007)). Plaintiff seeks certification under Rule 23(b)(3), which allows for certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently

3

adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### b. FDCPA

The Fair Debt Collection Practices Act (FDCPA) was "enacted to address the problem of debt collectors attempting to collect paid debts or attempting to collect debts by engaging in harassment and/or deceptive or unfair collection practices." *Johnson v. Capital One Bank*, No. CIV. A. SA00CA315EP, 2000 WL 1279661, at *1 (W.D. Tex. May 19, 2000). Section 1692e of the FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, falsely representing "the character, amount, or legal status of any debt," § 1692e(2)(A); "threat[ening] to take any action that cannot legally be taken," § 1692e(5); and using any "false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Additionally, § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." Congress "clearly intended the FDCPA to have a broad remedial scope." *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013) (quoting *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002)). The FDCPA should therefore "be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002); *see also Serna*, 732 F.3d at 445 n.11.

When evaluating whether a dunning letter violates § 1692e or § 1692f, the Court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer."[3]

---

[3] Due to the Fifth Circuit's reluctance to distinguish between the "unsophisticated" and the "least sophisticated" consumer, the Court will refer to both of them as "unsophisticated" consumers for ease of reference. *See Peter v. G.C. Servs. L.P.*, 310 F.3d 344, 349 n.9 (5th Cir. 2002) (opting not to decide which of the two standards governs because "the difference between the standards is at most de minimus"); *Rodriguez v. Fulton Friedman & Gullace, LLP*, No. CIV.A. H-11-4592, 2012 WL 3756589, at *6 (S.D. Tex. Aug. 28, 2012) ("[T]he Fifth Circuit has consistently held that one of these standards applies; it simply has not selected between them.").

*McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The Court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. At the same time, however, the unsophisticated consumer is not one "tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original).

The FDCPA states, "any debt collector who fails to comply with any provision" may be liable for (1) actual damages, (2) additional statutory damages up to $1,000, and (3) costs and attorneys' fees. 15 U.S.C. § 1692k(a). A consumer can recover statutory damages without proving actual damages. *Serna v. Law Office of Joseph Onwuteaka, PC*, No. 4:11-CV-3034, 2014 WL 109402, at *6 (S.D. Tex. Jan. 10, 2014), *aff'd sub nom. Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146 (5th Cir. 2015).

Courts have generally referred to the FDCPA as a "strict-liability statute" that makes debt collectors liable even for inadvertent violations. *Thompson v. Diversified Adjustment Serv., Inc.*, No. CIV.A. H-12-922, 2013 WL 3973976, at *4 (S.D. Tex. July 31, 2013) (collecting cases). A plaintiff need not prove an intentional violation.

## IV. ANALYSIS

### c. Class Action Requirements

#### i. Numerosity

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23 (a)(1). Defendants do not contest numerosity. (*See* Doc. No. 44 at 8.)

#### ii. Commonality & Predominance

Rule 23(a) requires "questions of law or fact common to the class" and Rule 23(b)(3)

requires that the common questions of law or fact "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(a)-(b). "To satisfy the commonality requirement under Rule 23(a)(2), class members must raise at least one contention that is central to the validity of each class member's claims." *In re Deepwater Horizon*, 739 F.3d 790, 810 (5th Cir. 2014). As the Fifth Circuit has explained, however, "this contention need not relate specifically to the damages component of the class members' claims. Even an instance of injurious conduct, which would usually relate more directly to the defendant's liability than to the claimant's damages, may constitute 'the same injury.'" *Id.*

Plaintiff argues that all class members received one or more collection letters in which an offer was made to settle a credit card debt that was no longer judicially enforceable due to the statute of limitations. Defendants counter that, because a suit to recover credit card debt can be brought as a breach of contract or a suit on an open account in Texas, there must be an individualized inquiry into the statute of limitations question for every class member, which would defeat commonality and predominance.

As a general matter, Texas law allows a party to sue to recover a debt under two theories: breach of contract or an action on an open account. The statute of limitations for both theories is four years after the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.004. In breach of contract actions, the date of the last payment typically determines the accrual date for purposes of the statute of limitations. *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 731 (Tex. App. 2012). In contrast, for suits on an open account, "the cause of action accrues on the day that the dealings in which the parties were interested together cease." *Id.* "[E]vidence of last payment is not conclusive evidence of when the dealings between the parties ceased." *LTD Acquisitions, LLC v. Cook*, 2011 WL 61634, at *2 (Tex. App. Jan. 5, 2011). This does not necessarily mean "that the

cause of action accrues, and the limitations period begins, when the account is closed or charged off." *Id.* at *2 n.1.

With respect to credit card debts, specifically, Texas appellate courts are divided as to whether they can be brought as actions on accounts. *Compare id., with Bird v. First Deposit Nat. Bank*, 994 S.W.2d 280, 282 (Tex. App. 1999). Some courts suggest that the determination of whether a suit is on an open account for statute of limitations purposes hinges on how the debt collector pleads the claim or argues it in any trial court motion. *Kaldis v. Crest Fin.*, 463 S.W.3d 588, 596 (Tex. App. 2015); *Dodecka*, 377 S.W.3d at 730. The posture of these cases is typically that the borrower of the debt is sued and then raised the statute of limitations as an affirmative defense. In other cases about credit card debt, the court does not mention the possibility of the suit being an action on an open account and accepts as a given, in the statute of limitations analysis, that the case is for a breach of contract. *See, e.g., Colvin v. Texas Dow Employees Credit Union*, No. 01-11-00342-CV, 2012 WL 5544950, at *9 (Tex. App. Nov. 15, 2012).

When treating suits to collect a credit card debt as suits on an open account, several Texas courts that have stated that date of last payment is not conclusive evidence of the date on which the parties' dealings ceased. *Marshall v. Crown Asset Mgmt, LLC*, 2017 WL 6379830 (Tex. App. Dec. 14, 2017); *Capital One Bank (USA), N.A. v. Conti*, 345 S.W.3d 490, 492 (Tex. App. 2011). However, these courts have not said what would be conclusive evidence of the day that the cause of action accrues. *Id.; but see Kaldis*, 463 S.W.3d at 593 (the date that the debtor's missed payment was not the start of the statute of limitations period; the date of account closure was). Under the logic of these cases, if the account is never formally closed by the bank, then the terms of the parties' agreement remains "open" because the debtor still owes money and, hypothetically, the repayment terms could be modified. *Conti*, 345 S.W.3d at 491-92. This would

7

suggest that an account is perpetually open and there is no limitation on the debt, so long as there is a debt. *See also Eaves*, 301 S.W.3d at 409 ("although Eaves defaulted on his account with Citibank, he still maintained his obligation to pay the debt; therefore, the account was still open with the expectation of further dealings, that is, that Eaves would tender the amount owed"). Under this theory, a bank or lender could prevent the cause of action from ever accruing.

In contrast, other Texas appeals courts have held that credit card debt actions cannot be brought as actions on an open account. *Williams v. Unifund CCR Partners Assignee of Citibank* held that a suit on credit card debt was a breach of contract claim and could not be a suit on an account: "A credit card issued by a financial institution is a special contract that does not create the sort of debtor-creditor relationship to bring a claim within the scope of [Texas Rule of Civil Procedure 185, which defines a suit on an open account]." 264 S.W.3d 231, 234 (Tex. App. 2008). This conclusion is more fully explained in *Bird v. First Deposit National Bank*:

> A sworn account applies only to transactions between persons, *in which there is a sale upon one side and a purchase upon the other, whereby title to personal property passes from one to the other,* and the relation of debtor and creditor is thereby created by general course of dealing—it does not mean transactions between parties resting upon special contract. A credit card transaction is a "transaction in which a card that may be used for personal, family, or household use is used to debit an open-end account in connection with: (A) a purchase or lease of goods or services; or (B) a loan of money." A cash advance, like the $3,500 extended on the credit card here, is clearly a loan.
>
> We find that a credit card issued by a financial institution does not create the sort of debtor-creditor relationship required in order to bring suit under Texas Rule of Civil Procedure 185 [governing open accounts]. We reach this conclusion because no title to personal property passes from the bank to the cardholder; rather, the card evidences a line of credit extended by the bank which the cardholder may use to purchase goods and services from a third party. And where the transaction in question is a cash advance, there is no good or service involved at all, but a pure loan of money. An unpaid bank credit card account, therefore, creates a cause of action for the bank's money or credit advanced as a loan, but not for goods or services sold or delivered to the cardholder. (This case does not involve a credit card issued directly by a provider of goods or services, such as a gasoline card or department store card. We therefore do not reach the question of whether that type

8

> of credit card debt is subject to collection by a suit on sworn account.) We find that a bank's credit card account is analogous to a promissory note, which has been specifically excluded from the definition of sworn account.

*Bird v. First Deposit Nat. Bank*, 994 S.W.2d 280, 282 (Tex. App. 1999) (emphasis in original) (citations omitted). *See also Tully v. Citibank (S. Dakota), N.A.*, 173 S.W.3d 212, 216 (Tex. App. 2005) (a suit on a credit card debt cannot be recovered through a suit on a sworn account); *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 807 (Tex. App. 2007) (same).

The Fifth Circuit does not appear to have contemplated the issue of whether a credit card debt action can be brought as a suit on an open account in Texas. In *Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, the Fifth Circuit suggests that open accounts claims are based on relationships between businesses "with frequent dealings," such as a jeans manufacturer and a retailer. 219 F. App'x 375, 377 (5th Cir. 2007). The account between those parties "was an open account because it allowed for crediting and debiting through multiple transactions, extending over a period of time. The account facilitated the on-going business relationship between the two companies by allowing delivery before payment, charge backs for one purchase to be debited from future payments for another purchase order, and the ability to refute the charge backs and have the amount credited in a future payment." *Id.* at 377-78.

The statute of limitations period for an action on an open account is so vague as to be almost meaningless—taken to its logical extension, it appears that a bank could prevent the limitations period from ever running by perpetually expecting that a debt would be settled. This Court does not abide by a theory of credit card debt for which there is no clear definition of what constitutes the end of dealings between banks and credit cardholders. *Bird* is persuasive; suits for credit card debt should be brought under the breach of contract theory, where the statute of limitations is typically four years after the last payment. The statute of limitations is not a barrier

9

to commonality and predominance.

### iii. Typicality

Rule 23(a) requires that the named representatives' claims be typical of those of the class." *Langbecker v. Electronic Data Systems Corp.*, 476 F.3d 299, 314 (5th Cir. 2007). The analysis focuses on whether the named representative's claims are typical, not whether the representative is. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002).

Plaintiff argues that typicality is inherent in the class definition; the class is defined as people who, like Ms. Carter, received letters from or on behalf of Defendants offering to settle time-barred debts. Defendants argue that typicality is also defeated by the statute of limitations question. For the reasons stated above, the Court disagrees with Defendants' statute of limitations argument; Plaintiff is typical.

### iv. Adequacy

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). To meet the adequacy requirement, "the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members." *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). Counsel must be both competent and zealous in representing class interests. *See, e.g., Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005).

Plaintiff Kyonnie Hordge has submitted an affidavit to demonstrate that she understands her role as class representative. (Doc. No. 44-3.) Ms. Hordge is the independent administrator of her mother's estate. Her mother, Ms. Carter, was the original Plaintiff. While there is potential for conflict between Ms. Hordge as fiduciary to the estate and as fiduciary to the class, it may be

cured by a showing that all of the estate's beneficiaries consented to the executor's acting on behalf of the class. *First Interstate Bank of Nevada, N.A. v. Chapman & Cutler*, 837 F.2d 775, 781 (7th Cir. 1988) (federal securities and federal racketeering laws); *In re FleetBoston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 324-25 (D.N.J. 2008) (shareholder action concerning alleged misleading statements in merger registration statement). The other beneficiaries of Ms. Carter's estate, Ms. Hordge's sister and brother, consent to Ms. Hordge acting as class representative here. (Doc. Nos. 44-4, 44-5.) Additionally, probate case documents reveal no creditors to whom Ms. Hordge owes duties. (*See* Doc. Nos. 48 – 48-4; 58.)

Plaintiff is represented by the law firms of Edelman, Combs, Latturner & Goodwin, LLC, and Ciment Law Firm PLLC. Attorneys from each firm have submitted affidavits to demonstrate their experience litigating FDCPA cases. (Doc. Nos. 44-1 – 44-2.)

The Court finds that the class representative and counsel are adequate.

v. **Superiority**

Rule 23(b)(3) requires a determination that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy," based upon factors including the interests of the members of the class in individually controlling the prosecution, the extent and nature of any litigation concerning the controversy already commenced by members of the class, the desirability of concentrating the litigation in a particular forum, and the management difficulties likely to be encountered." Fed. R. Civ. P. 23(b)(3). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Amchem Prod., Inc.*, 521 U.S. at 617 (citation omitted).

Plaintiff argues that a class action is a superior form of adjudication here because the damages caused by an FDCPA violation are fairly small on the individual scale, and class members may be unaware that their rights have been violated. *See Castro v. Collecto, Inc.*, 256 F.R.D. 534, 543 (W.D. Tex. 2009) (finding that a class action was "the superior vehicle for determining the rights of debtors" in an FDCPA case); *Barnett v. Experian Info. Sols.*, No. CIV.A. 2:00CV175, 2004 WL 4032909, at *5 (E.D. Tex. Sept. 30, 2004) (noting that the recovery in an FDCPA action by an individual "is often very small"); *Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611, at *4 (N.D. Tex. Dec. 11, 2003) (noting that "many of the affected borrowers may be unaware of a violation of their rights and that any individual claim that they may have would be for relatively small amounts of money" and granting class certification in an FDCPA suit). The Court finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### d. Appropriate Defendants

Defendants argue that it is inappropriate to certify classes against LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Alegis Group, LLC ("Alegis"). Defendants did not make similar arguments about First National Collection Bureau, Inc.

First, Defendants argue that LVNV "does not engage in any collection activity itself, rather it outsources the work to third-party collectors," and therefore does not qualify as a debt collector under the FDCPA and cannot be liable here. (Doc. No. 47 at 13.) Defendants suggest that this is a barrier to typicality and commonality because LVNV could not have caused class members a typical or common injury. Plaintiff argues that the liability of LVNV is not properly decided at class certification. Moreover, Plaintiff argues that Defendants' arguments about LVNV's liability demonstrate a common question with respect to all class members.

The FDCPA defines a debt collector as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). In *Henson v. Santander*, the Supreme Court ruled that a debt buyer that seeks to collect a debt that it owns but did not originate is not a debt collector as defined by the second definition in the FDCPA. 137 S.Ct. 1718 (2017). The Supreme Court explicitly declined to address whether those same debt buyers could fall within the FDCPA's first definition of a debt collector. *Id.* at 1721 (stating that the Court did not address other definitions of debt collectors). "Consequently, if an entity still satisfies that first definition of 'debt collector,' the *Henson* case may not preclude FDCPA liability, even if it is attempting to collect a debt for itself." *Beard v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-1162, 2018 WL 638455, at *5 (M.D. Pa. Jan. 31, 2018). Since *Henson*, other courts have found that LVNV is a debt collector under the first definition, *Torres v. LVNV Funding, LLC*, 2018 WL 1508535 (N.D. Ill. March 27, 2018), or that there is at least a dispute of material fact to suggest LVNV could be a debt collector under the first definition, *McMahon v. LVNV Funding, LLC*, 2018 WL 1316736 (N.D. Ill. March 14, 2018), *Skinner v. LVNV Funding, LLC*, 2018 WL 319320 (N.D. Ill. Jan. 8, 2018), *Mitchell v. LVNV Funding, LLC*, 2017 WL 6306594 (N.D. Ind. Dec. 15, 2017). *See also Norman v. Allied Interstate, LLC*, No. CV 17-5181, 2018 WL 2383099 (E.D. Pa. May 25, 2018) (noting the limitations of Henson and holding that plaintiff adequately pled that LVNV was a debt collector).

Whether LVNV is qualifies as a debt collector under the first definition in the FDCPA is a common question of fact, so it is not a barrier to class certification.

Second, Defendants argue that Plaintiff has inadequately pled facts against LVNV,

Resurgent, and Alegis. Contrary to Defendants' representation, Plaintiff adequately alleged that LVNV is a debt collector. (*See* Doc. No. 1 at ¶¶ 9, 11- 13, 22, 29, 33, 35, 41.) Plaintiff alleged sufficient facts against Resurgent. (*See id.* at ¶¶ 22, 24, 27, 29.) Plaintiff alleged that Alegis is the sole general partner of Resurgent, and the acts of Resurgent are attributed to it. (*Id.* at ¶ 20.) The issue of which Defendants are liable, if any, does not defeat class certification and could more properly be addressed in a summary judgment motion.

V. **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion is **GRANTED**; the classes are certified according to the definitions in Plaintiff's Motion.[4]

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 5th of July, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff proposed slightly modified class definitions in her reply brief (Doc. No. 48). Those were alternate class definitions based on the possibility of the Court accepting Defendants' argument that credit card debts could be pursued under an open accounts theory, which the Court did not accept.