# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KYONNIE HORDGE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1695 |
| | § | |
| FIRST NATIONAL COLLECTION | § | |
| BUREAU, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

This is a Fair Debt Collection Practices Act ("FDCPA") class action lawsuit. At the core of the dispute is a letter that was sent to Plaintiff, a Texas resident, seeking to collect on credit card debt. The letter included a "settlement offer," but did not disclose that the debt was unenforceable because the statute of limitations had expired on the debt.

Pending before the Court are cross-motions for summary judgment. Plaintiff moves for summary judgment on liability, against all Defendants, arguing that the letter violated sections §§ 1692e and 1692f of the FDCPA as a matter of law and that all Defendants are debt collectors subject to the FDCPA. (Doc. No. 68.) All Defendants—First National Collection Bureau ("FNCB"), Resurgent Capital Services. L.P. ("Resurgent"), Alegis Group LLC ("Alegis"), and LVNV Funding, LLC ("LVNV")—move for a ruling that the letter was not a deceptive and unfair practice in violation of § 1692e of the FDCPA, and that the § 1692f claim fails as a matter of law. (Doc. Nos. 65, 66, 67.) Defendants Resurgent and Alegis move for summary judgment on all claims against them because, they argue, they did not send the letter at issue and are not debt collectors. (Doc. No. 66.) Defendant LVNV also moves for summary judgment on all claims against it on the basis that it is not a debt collector. (Doc. No. 67.) Defendants FNCB,

1

Resurgent, Alegis, and LVNV also move for the Court to deny Plaintiff actual damages. (Doc. Nos. 65, 66, 67.)

I. BACKGROUND

LVNV is in the business of purchasing or acquiring consumer debts. (Doc. No. 68-8 at ¶ 7.) LVNV does not have any employees. (Doc. No. 66-2.) Amanda Hammond, an Authorized Representative of LVNV,[1] states, "LVNV itself does not engage in any collection activities on the debts it owns . . . LVNV typically does not have any contact with any debtor." (Doc. No. 66-1 at ¶ 5.) Instead, "LVNV outsources the collection of the debts it owns to various companies, through its master serving agent, Resurgent Capital Services, LP, including First National Collection Bureau, Inc." (*Id.* at ¶ 6.) All of LVNV's revenue comes from the liquidation of debts by Resurgent. (Doc. No. 68-3 at 13.) As any debt collector in Texas must, LVNV obtained a surety bond. (Doc. No. 68-11.) And, in an approximately 13 month period, LVNV filed at least 96 debt collection lawsuits in Harris County alone. (Doc. No. 68-7 at ¶¶ 3-5.) LVNV is similarly active as a plaintiff in debt collection lawsuits across Texas and Illinois. (*Id.*; Doc. No. 68-16.)

Resurgent is the master servicing agent and holds a Limited Power of Attorney on behalf of LVNV. (Doc. No. 66-2 at 7; Doc. No. 68-9.) Alegis is Resurgent's general partner. (Doc. No. 68-4.) As LVNV's master servicing agent, where LVNV owns accounts, Resurgent receives the electronic data on the account directly from the original creditor. (Doc. No 66-3 at 5.) Where LVNV owns accounts, Resurgent "is able and has all management ability to collect on the account, to file suit on the account, to not file suit on the account, to do whatever that they feel would be the appropriate action for the account." (Doc. No. 66-2 at 12; Doc. No. 68-9.)

---

[1] Aside from identifying herself as an "Authorized Representative," Ms. Hammond gives no indication as to how she is competent to make the statements in the affidavit, all of which are conclusory.

Additionally, Resurgent retains collection agencies in order to collect on the account and attorneys to file suits to collect on LVNV-owned debts. (*Id.* at 15-16.)

FNCB is a debt collector, as defined by the FDCPA. (Doc. No. 20 at ¶¶ 5-7.) Resurgent and FNCB entered into an agreement in which Resurgent refers accounts to FNCB for "collection services," and FNCB collects on those accounts in accordance with Resurgent's protocols. (Doc. No. 68-13.) One such protocol in effect between June 2014, and July 2015 required collections agencies to make an "out-of-statute" disclosure to consumers living in certain states if the debt the collections agency sought to collect was time-barred. (Doc. No. 68-14.) Texas was not one of those states. (*Id.*) Resurgent would typically inform collections agencies if a debt was time-barred and whether the agency had to make an out-of-statute disclosure. (Doc. No. 68-12 at 17.)

Marjorie Carter opened a credit card account with Providian Financial Corporation on November 13, 2000. (Doc. No. 65-1.) Ms. Carter incurred a debt of $5,556.79. (Doc. No. 65-1.) Ms. Carter worked full-time for the Houston Metro system, and she used her credit card to purchase groceries for herself and her household. (Doc. No. 68-2.) Ms. Carter became delinquent on the debt on November 25, 2003. (Doc. No. 65-1.) Four years later, on November 25, 2007, the statute of limitations on the debt ran. (*Id.*)

LVNV purchased Ms. Carter's debt. (Doc. No. 68-2.) LVNV's records acknowledge that the statute of limitations had run on Ms. Carter's debt. (*Id.* (noting out-of-statute, or "OOS")). Resurgent, as an agent of LVNV, retained FNCB to collect Ms. Carter's debt. (Doc. No. 68-12 at 10-11.)

On January 7, 2015, FNCB sent Ms. Carter a letter that stated, in relevant part:

We would like to extend the following settlement offer:

> A 90% discount payable in 4 payments of $138.92. Each payment within 30 days of the previous payment. We are not obligated to renew this offer. For your convenience you may pay via a check over the phone or credit card. You have our word that your account executive will treat you fairly and with respect. Sincerely, First National Collection Bureau, Inc. This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

(Doc. No. 1-1). The January 7, 2015 letter was one of three debt collection letters Ms. Carter received from FNCB. (Doc. No. 68-7 at Exh. D.) None of the letters disclosed that the debt was time-barred/out-of-statute and unenforceable.

Expert witness Timothy Goldsmith conducted a study to investigate consumers' decisions about repaying time-barred debts. (Doc. No. 72 at 377.) Participants who were told that the debt could not be enforced through court action chose different repayment options than participants who were not told about time barred debt. (*Id*. at 380.) In the study, significantly more of the participants who were told the debt could not be enforced through court action declined to pay than those were not told. (*Id*. at 379.) A majority of the participants who were given the information said that it was important to their selection of a debt repayment option. (*Id*.)

The original Plaintiff, Ms. Carter, passed away on March 28, 2016. (Doc. No. 37.) On November 16, 2017, the Court granted the Motion for Substitution of Plaintiff, and the case is proceeding with Kyonnie Hordge as Plaintiff. (Doc. No. 42.) On July 5, 2018, the Court granted Plaintiff's motion for class certification. (Doc. No. 71.)

## II.   LEGAL STANDARD

Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment should be granted against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. ANALYSIS

Section 1692e of the FDCPA broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This includes, but is not limited to, falsely representing "the character, amount, or legal status of any debt," § 1692e(2)(A); "threat[ening] to take any action that cannot legally be taken," § 1692e(5); and using any "false representation or deceptive means to collect or attempt to collect any debt," § 1692e(10). Section 1692f of the FDCPA prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." The FDCPA should "be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002); *see also Serna* v. *Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 n.11 (5th Cir. 2013).

When evaluating whether a debt collection letter violates § 1692e, the Court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer."[2] *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The Court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. At the same time, however, the unsophisticated consumer is not one "tied to the very last

---

[2] The Fifth Circuit has elected not to distinguish between the "unsophisticated" and the "least sophisticated" consumer; therefore, the Court will refer to both of them as "unsophisticated" consumers for ease of reference. *See Peter v. G.C. Servs. L.P.*, 310 F.3d 344, 349 n.9 (5th Cir. 2002) (opting not to decide which of the two standards governs because "the difference between the standards is at most de minimus")

rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original). In some circuits, the unsophisticated consumer requirement is described as a materiality requirement. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418, 420-21 (3d Cir. 2015) (materiality "is simply a corollary of the well-established 'least sophisticated debtor' standard."). "[A] statement is material if it is capable of influencing the decision of the least sophisticated debtor." *Id.*, 791 F.3d at 420-21.

A consumer can recover statutory damages without proving actual damages. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, No. 4:11-CV-3034, 2014 WL 109402, at *6 (S.D. Tex. Jan. 10, 2014), *aff'd sub nom. Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146 (5th Cir. 2015).

Defendants argue that Plaintiff cannot recover under the FDCPA because Plaintiff has not established that Ms. Carter's debt is a consumer debt, and the letter was not misleading or deceptive, any violation of the FDCPA would not be material. Some Defendants argue that they cannot be liable because they are not debt collectors and/or were not responsible for the collections letters sent to Ms. Carter. Defendants further argue that Plaintiff's § 1692f claim fails and Plaintiff cannot show actual damages. Plaintiff opposes these arguments and also moves for summary judgment on liability.

    **a. Consumer**

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a. The debt at issue must not be business debt, but must instead be consumer debt "primarily for personal, family, or household purposes." *Id.* Ms. Carter incurred credit card debt, and she used credit cards for groceries and household items. Without providing evidence, Defendants ask the Court to infer that Ms. Carter's debt was not a consumer

debt. There is, however, no genuine dispute that this is a consumer debt.

### b. Deceptive or Misleading Representation

The Fifth Circuit has held "that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA." *Daugherty v. Convergent Outsourcing, Inc., et al.*, 836 F.3d 507, 513 (5th Cir. 2016). "Whether a debt is legally enforceable is a central fact about the character and legal status of that debt." *McMahon*, 744 F.3d 1021. As the Federal Trade Commission has found, nondisclosure of a debt's status as time-barred could deceive consumers because most consumers do not understand their legal rights and often do not know that making a partial payment on an out-of-statute debt could revive the entire debt. FED. TRADE. COMM'N, THE STRUCTURE AND PRACTICE OF THE DEBT BUYING INDUSTRY 47 (2013).

Defendants argue that, because the word "settlement" does not threaten litigation, the letter could not have been an FDCPA violation. This argument is at odds with the law in the Fifth Circuit. A letter seeking payment on a time-barred debt could mislead an unsophisticated consumer "regardless of whether litigation is threatened." *Daugherty*, 836 F.3d at 509; *see also Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 398-399 (6th Cir. 2015) ("When a dunning letter creates confusion about a creditor's right to sue, that is illegal."); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("[I]f the debt collector uses language in its dunning letter that would mislead an unsophisticated consumer into believing that the debt is legally enforceable, regardless of whether the letter actually threatens litigation . . ., the collector has violated the FDCPA.").

In contrast, as Plaintiff argues, other courts have held that similar letters that offer to

settle a time-barred debt without threatening litigation or disclosing that such litigation is legally prohibited violate the FDCPA as a matter of law. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 684 (7th Cir. 2017) (affirming summary judgment for the debtor); *Rawson v. Source Receivables Mgmt., LLC*, 215 F. Supp. 3d 684, 688-89 (N.D. Ill. 2016) (granting summary judgment for the debtor and rejecting the "far-fetched" argument that "unsophisticated consumers assume that debt-collection agencies asking for payment are really just appealing to the consumers' sense of moral duty."). In *Pantoja*, the debt collection even stated that the debt collector "will not sue you for it," and the district court still granted summary judgment for the debtor because an unsophisticated consumer would reasonably conclude that the debt was legally enforceable, even if the collector chose not to sue. 852 F.3d at 686.

Facially, the debt collection letter sent to Ms. Carter is similar to the letters in *Pantoja* and *Rawson*. Through an expert witness, Plaintiff has presented evidence that whether a debt is time-barred is material information to consumers making decisions about whether to pay a debt. This Court finds that the letter was unlawfully misleading.

"Section 1692f serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e." *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 878 (S.D. Tex. 2011) (quotation omitted). Because the letter was misleading under § 1692e, the Court need not reach § 1692f.

    **c. Debt Collectors**

The FDCPA defines a debt collector as (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In

*Henson v. Santander*, the Supreme Court ruled that a debt buyer that seeks to collect a debt that it owns but did not originate is not a debt collector as defined by the second definition in the FDCPA. 137 S.Ct. 1718 (2017). The Supreme Court explicitly declined to address whether those same debt buyers could fall within the FDCPA's first definition of a debt collector. *Id*. at 1721 (stating that the Court did not address other definitions of debt collectors). "Consequently, if an entity still satisfies that first definition of 'debt collector,' the *Henson* case may not preclude FDCPA liability, even if it is attempting to collect a debt for itself." *Beard v. Ocwen Loan Servicing, LLC*, No. 1:14-CV-1162, 2018 WL 638455, at *5 (M.D. Pa. Jan. 31, 2018).

The Fifth Circuit has not yet ruled on vicarious liability under the FDCPA. "As it stands today, however, more courts than not 'support[ ] the notion that an entity which itself meets the definition of debt collector may be held vicariously liable for unlawful collection activities carried out by another on its behalf.'" *McWilliams v. Advanced Recovery Sys., Inc.*, 174 F. Supp. 3d 936, 942 (S.D. Miss. 2016) (quoting *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 404 (3d Cir. 2000)); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016). An entity must meet a definition of debt collector in order to be subject to vicarious liability.

FNCB does not dispute that it is a debt collector and sent the debt collection letters to Ms. Carter.

Whether LVNV is a debt collector under the first definition in the FDCPA is a disputed issue of material fact. LVNV is not a debt collector under the second definition LVNV argues that it is not a debt collector here because (1) the principal purpose of LVNV's business is holding debts, not collecting debts, and (2) Resurgent was responsible for all of LVNV's actions. First, while LVNV presented conclusory evidence stating that it simply holds debts, its actions

9

and Plaintiff's evidence demonstrate that the a significant purpose of LVNV's business collecting debts. All of LVNV's revenue comes from debt collection, and LVNV itself is the plaintiff in numerous debt collection lawsuits. Whether debt collection is LVNV's principal purpose is a disputed fact issue.

Second, Plaintiff has presented undisputed evidence that Resurgent was LVNV's agent. LVNV cites several district court cases where the debt buyer outsourced collection to a third party and was then found not to be a debt collector. *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1071 (N.D. Cal. 2015); *Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014); *McAdory v. M.N.S & Assocs., LLC*, No. 3:17-CV-00777-HZ, 2017 WL 5071263, at *3 (D. Or. Nov. 3, 2017). Those cases insufficiently distinguish between the FDCPA's two definitions of debt collector and are factually distinguishable from the instant case. "Even if the second prong may require interaction with debtors, the plain language of the first prong does not." *McMahon v. LVNV Funding, LLC*, 301 F. Supp. 3d 866, 884 (N.D. Ill. 2018). This Court does not need to determine if interaction with debtors is required to meet the first definition of debt collector because LVNV does interact with debtors (as evidenced by filing lawsuits against debtors). Therefore, if LVNV is determined to be a debt collector under the FDCPA, then it may be vicariously liable here.

As Resurgent has conceded in other district court cases, it is a debt collector as defined by the FDCPA. *See, e.g.*, *Mitchell v. LVNV Funding, LLC*, No. 2:12-CV-523-TLS, 2017 WL 6406594, at *4 (N.D. Ind. Dec. 15, 2017). Resurgent argues that it cannot be liable here because it merely acted as the agent of a creditor (LVNV) and hired another company to collect the debt (FNCB). But, following the approach of other circuits that have addressed vicarious liability, because Resurgent is a debt collector, it can be vicariously liable for FNCB's actions carried out

on Resurgent's behalf.[3] As both parties state in their filings (Doc. No. 66 at 6, Doc. No. 75 at 6), as the general partner of Resurgent, Alegis can be jointly and severally liable for Resurgent's debts and obligations. *See Peter v. GC Servs. L.P.*, 310 F.3d 344, 353 (5th Cir. 2002).

### d. Actual Damages

Plaintiff does not seek actual damages for herself, but for other class members. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (permitting a named plaintiff who has not suffered actual damages to represent a class of individuals who did). Plaintiff argues that summary judgment on actual damages is not appropriate until the class has been notified. Defendants did not file reply briefs or opine on the issue of actual damages after this Court granted class certification. This Court agrees with Plaintiff; a determination of the existence or lack of class-wide actual damages would be premature.

## IV. CONCLUSION

For the reasons stated above, Defendant FNCB's Motion for Summary Judgment is **DENIED**; Defendant LVNV's Motion for Summary Judgment is **DENIED**; Defendants Resurgent and Alegis's Motion for Summary Judgment is **DENIED**; Plaintiff's Motion for Summary Judgement is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff has established liability under the FDCPA as to Defendants FNCB, Resurgent, and Alegis. Whether LVNV is also liable is a disputed fact issue.

**IT IS SO ORDERED.**

---

[3] Resurgent cites to the cases that support vicarious liability in FDCPA actions, and does not offer any competing cases or arguments against vicarious liability. (Doc. No. 75 at 3.)

**SIGNED** at Houston, Texas on the 7th of August, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE